### B. N. NALL v. MAMIE B. NALL.

(Filed 15 December, 1948.)

**1. Divorce § 12—**

In an action for divorce, a verified answer and cross-action setting forth a cause of action for divorce *a mensa,* G.S. 50-7, is sufficient to sustain an order allowing alimony *pendente lite.* G.S. 50-15.

**2. Divorce § 2½—**

The lapse of seven years from the time of the separation does not bar a cross-action for divorce *a mensa* on the ground of constructive abandonment, or an application for alimony *pendente lite,* either by laches or any statute of limitation.

**3. Appeal and Error § 40d—**

Where there is no request for findings of fact and the sole exception is to the signing of the order appealed from, the failure of the court to set forth in detail the facts constituting the basis of its order is not fatal.

APPEAL by plaintiff from *Armstrong, J.,* September Term, 1948, of MOORE. Affirmed.

*H. F. Seawell, Jr., for plaintiff, appellant.*
*William D. Sabiston, Jr., for defendant, appellee.*

DEVIN, J. The plaintiff husband instituted his suit for divorce *a vinculo* on the ground of two years separation. G.S. 50-6. The defendant wife filed a cross-action for divorce *a mensa* on allegations in her answer of abandonment, and cruel treatment which endangered her life, and of such indignities offered to her person as to render her condition intolerable and life burdensome. G.S. 50-7. The facts upon which her cross-action was based were set forth at length. She alleged the separation was without fault on her part, and that solely because of his treatment of her she was forced to leave him 26 August, 1941. She further alleged she was without sufficient means to subsist during the prosecution of her

suit and to defray the necessary expenses thereof. The answer was properly verified, and upon this she moved the court for allowance of alimony *pendente lite* and counsel fees. Upon consideration of this answer the court found she was entitled to the relief demanded in her answer, and thereupon entered an order that the plaintiff make certain payments therefor pending the action. G.S. 50-15; *Massey v. Massey,* 208 N. C. 818, 182 S. E. 446. Plaintiff excepted to the signing of the order and appealed.

The allegations in defendant's answer and cross-action are sufficient to afford basis for the allowance of alimony *pendente lite. Hennis v. Hennis,* 180 N. C. 606, 105 S. E. 274; *Ragan v. Ragan,* 214 N. C. 36, 197 S. E. 554; *Barwick v. Barwick,* 228 N. C. 109, 44 S. E. (2) 597. The plaintiff argued here that because the separation took place nearly seven years before the filing of her cross-action, the defendant is barred either by laches or by some statute of limitations, but neither position is tenable. *Garris v. Garris,* 188 N. C. 321, 124 S. E. 314. While the court below did not set out the facts in detail as the basis of its order, there was no request for other or additional findings, and the only exception was to the signing of the order. *Craver v. Spaugh,* 227 N. C. 129, 41 S. E. (2) 82; *Rader v. Coach Co.,* 225 N. C. 537, 35 S. E. (2) 609; *Query v. Ins. Co.,* 218 N. C. 386, 11 S. E. (2) 139; *McCune v. Mfg. Co.,* 217 N. C. 351, 8 S. E. (2) 219.

The ruling of the court in entering the order appealed from is
Affirmed.