JUDITH ANN LARSEN v. CHARLES H. SEDBERRY, ADMINISTRATOR CTA DBN
OF THE ESTATE OF WILLIAM JOSEPH JOHNSON, DECEASED

No. 8110SC178

(Filed 6 October 1981)

**Divorce and Alimony § 24.4; Equity § 2— laches no bar to support claim**

> The court did not err in failing to grant summary judgment for husband's estate based on the doctrine of laches in that wife did not seek enforcement of the child support order until fourteen years after it was entered and until after husband died as the obligation of support is a continuing one and involves past due court-ordered payments. Wife's claim was limited, however, to those arrearages arising in the last ten years under the applicable statute of limitations. G.S. 1-47.

APPEAL by defendant from *Smith, Judge.* Judgment entered in the WAKE County Superior Court 19 December 1980. Heard in the Court of Appeals 18 September 1981.

Defendant, Administrator of William Johnson's estate, appeals from an order granting summary judgment to plaintiff, Judith Ann Larsen, on her claim against the estate for child support. Plaintiff and William Johnson were divorced by a Florida court in 1966. Under the terms of the divorce decree, Johnson was ordered to pay $15.00 per week in support for the parties' minor daughter, Lura Lynn, who was then four years old. Plain-

tiff, alleging that Johnson, who died on 12 February 1980, never made any of the court-ordered child support payments prior to his death, filed her Complaint in this matter on 16 June 1980,[1] seeking to recover $10,710.00 in past due child support.

Defendant, in his Answer and Amended Answer, denied the material allegations of the Complaint and asserted several defenses, including laches. Summary judgment was entered in plaintiff's favor for $7,530.00, the amount of support owed from 16 June 1970 to 12 February 1980.

*Joslin, Culbertson, Sedberry & Houck by Charles S. Sedberry, for defendant appellant.*

*Sanford, Adams, McCullough & Beard, by Renee J. Montgomery and William G. Pappas for plaintiff appellee.*

BECTON, Judge.

The only question for resolution on appeal is whether the trial court erred in granting summary judgment for plaintiff and in failing to grant summary judgment for defendant based on the doctrine of laches in that plaintiff did not seek enforcement of the child support order until fourteen years after it was entered and until after Johnson died. We resolve the question in favor of plaintiff.

We are not unmindful of the policy consideration that produced the doctrine of laches:

> The doctrine of laches is based upon grounds of public policy, which require for the peace of society discouragement of stale demands. And where the difficulty of doing entire justice by reason of death of the principal witness or witnesses, or from the original transaction having become obscured by time, is attributable to gross negligence or deliberate delay, a court of equity will not aid a party whose application is thus destitute of conscience, good faith and reasonable diligence. [Citations omitted.]

*MacKall v. Casilear,* 137 U.S. 556, 566, 34 L.Ed. 776, 779, 11 S.Ct. 178, 181 (1890). Indeed, our courts, consistent with the letter and

---

1. Plaintiff filed an Amended Complaint on 11 August 1980.

spirit of the law in *MacKall*, have recognized the doctrine of laches as a valid defense in various types of proceedings.[2] *See, for example, Taylor v. City of Raleigh*, 290 N.C. 608, 227 S.E. 2d 576 (1976) (an action to have rezoning ordinances declared unconstitutional); *Teachey v. Gurley*, 214 N.C. 288, 199 S.E. 83 (1938) (an action to enforce a resulting trust); *McRorie v. Query*, 32 N.C. App. 311, 232 S.E. 2d 312, *cert. denied*, 292 N.C. 641, 235 S.E. 2d 62 (1977) (an action for ejectment).

The case *sub judice* is distinguishable from the cases cited above. Significantly, neither *Taylor, Teachey* nor *McRorie* involved a claim of past due court-ordered payments. In this case, plaintiff was suing on a money judgment. By a 1966 Florida Court Order, Johnson was ordered to pay $15.00 per week as support for his minor daughter, Lura. The obligation of Johnson to furnish support for Lura was a continuing one. *Streeter v. Streeter*, 33 N.C. App. 679, 236 S.E. 2d 185 (1977); Lee, North Carolina Family Law, § 164 (4th ed. 1980). Professor Lee, in his treatise on family law states:

> Although a number of states seem inclined to recognize laches as a possible defense to an action for the enforcement of a court order for alimony and support, depending upon the particular circumstances present, yet in the majority of the cases in which the question has been considered, the defense of laches has not been accepted as sufficient. No North Carolina case has been found wherein laches has been allowed as a defense to the enforcement of a court-order for alimony or support.

Lee, North Carolina Family Law, § 164 at 302 (4th ed. 1980).

More important, our Supreme Court in *Nall v. Nall*, 229 N.C. 598, 50 S.E. 2d 737 (1948), refused to recognize the defense of laches when a wife brought an action for legal separation and support seven years after the parties had separated. Similarly, this Court found a husband's defense of laches to be "untenable" in *Lindsey v. Lindsey*, 34 N.C. App. 201, 237 S.E. 2d 561 (1977), in which an ex-wife sued on a support judgment more than ten years after the judgment was entered. *See also Streeter v. Streeter*, in

---

2. Laches is an affirmative defense under our statute, G.S. 1A-1, Rule 8(c).

which this Court refused to find laches when the wife waited nine years prior to asserting her right to support.

The only bar to plaintiff's action for enforcement of the child support judgment is the applicable ten-year statute of limitations, 34 N.C. App. at 203, 237 S.E. 2d at 563, G.S. 1-47. Plaintiff alleged arrearages totalling $10,710 for a fourteen-year period. The trial court, reducing plaintiff's monetary claim to the extent it was barred by the ten-year statute of limitations, awarded plaintiff $7,530. In this we find no error.

But even if, *arguendo*, laches were a valid defense to claims for past due child support, plaintiff would nonetheless win on the facts of this case. Laches is an affirmative defense and the defendant was required to show that plaintiff's delay in bringing this action (1) was inexcusable and (2) has resulted in prejudice to the defendant. *Holt v. May*, 235 N.C. 46, 50, 68 S.E. 2d 775, 778 (1952); *Stell v. Trust Co.*, 223 N.C. 550, 552, 27 S.E. 2d 524, 526 (1943); G.S. 1A-1, Rule 8(c). Plaintiff filed an affidavit in support of her motion for summary judgment. Defendant did not file an affidavit or offer any evidence in support of his laches defense. A mere lapse of time alone does not bar an action for the enforcement of a support order. *Nall; Streeter; Lindsey.*

Summary judgment was appropriate in this case, and we accordingly

Affirm.

Judge MARTIN (Robert M.) and Judge MARTIN (Harry C.) concur.