PATRICIA NAPOWSA v. WILLIAM DWIGHT LANGSTON

No. 8810DC1007

(Filed 15 August 1989)

**1. Appeal and Error § 38— record on appeal—two conflicting narratives of evidence—dismissal of appeal unnecessary**

Where the record on appeal contained two conflicting narratives of the evidence, it was not necessary to dismiss the appeal for failure to bring forward a "settled" record as required under Appellate Rules 98 and 11, since defendant did not assert that the trial court's findings were not supported by sufficient evidence at a custody hearing, but instead asserted that the trial court's conclusions were erroneous or were not supported by the findings actually made, and under these circumstances a narrative of evidence or a verbatim transcript was not necessary to understand defendant's assignments of error.

**2. Parent and Child § 7— responsibility for child support—date paternity established immaterial—responsibility for expenditures for three years prior to filing of action**

There was no merit to defendant's contention that he could not be liable for any child support expenses incurred by the mother before the date his paternity was established, since the establishment of the father's paternity is only a "procedural prerequisite" to his liability for child support; therefore, assuming adequate proof of the expenditures under N.C.G.S. § 50-13.4(c), plaintiff mother could recover reimbursement for her past support expenditures to the extent she paid the father's share of such expenditures and to the extent the expenditures occurred three years or less before the date she filed her claim for child support.

**3. Parent and Child § 7; Equity § 2— action for retroactive child support—doctrine of laches inapplicable**

The doctrine of laches is not applicable to an action for retroactive child support since the public policy concerns about stale claims are already adequately served by the three-year statute of limitations set forth in N.C.G.S. § 1-52(2).

4. **Parent and Child § 7— failure to make appropriate findings — award of retroactive child support vacated**

The trial court's award of retroactive child support must be vacated since the court made no findings whatsoever with respect to the parties' estates, earnings, conditions, and accustomed standard of living for one of the years for which plaintiff sought child support.

5. **Attorneys at Law § 7; Parent and Child § 7— retroactive child support — award of attorney's fees proper**

N.C.G.S. § 50-13.6 permits the trial court the discretion to award attorney's fees for retroactive child support just as the trial court has the discretion to award attorney's fees for future support actions, and dicta to the contrary in *Tidwell v. Booker*, 290 N.C. 98, is no longer applicable, since it was based in part on the mother's "secondary" liability for child support. N.C.G.S. § 49-15.

6. **Attorneys at Law § 7— award of attorney's fees — insufficient findings — award improper**

The trial court erred in awarding plaintiff attorney's fees in her action for retroactive child support where the court made no findings on all the factors required under N.C.G.S. § 50-13.6, and plaintiff's expense affidavits included some legal expenses attributable to the conduct of her paternity claim rather than her child support claim.

APPEAL by defendant from *Creech (William A.), Judge*. Judgment entered 21 March 1988 in District Court, WAKE County. Heard in the Court of Appeals 13 April 1989.

*Womble, Carlyle, Sandridge & Rice, by Carole Gailor, Susan D. Crooks and Laura V. Leak, for plaintiff-appellee.*

*Edmundson & Burnette, by J. Thomas Burnette, for defendant-appellant.*

GREENE, Judge.

Defendant appeals from an order entered 21 March 1988 which, *inter alia*, ordered him to pay retroactive and future child support for his illegitimate child and attorney's fees to the plaintiff mother. As discussed below, the court stenographer apparently lost the transcripts of the custody hearing and the trial court settled the

record on appeal by including two conflicting narrative summaries prepared by plaintiff and defendant. However, the facts of the case are revealed by the trial court's following findings to which neither party has objected:

. . . .

4. On September 6, 1969 the Plaintiff gave birth to Timothy Allen Newsome. In Defendant's Answer he denied paternity of the child.

5. Pursuant to an Order of this Court requiring the Defendant to submit to bloodgrouping tests to establish his paternity of the minor child of the Plaintiff, the Defendant's bloodgrouping test performed by Duke Medical Center showed that the Defendant was the father of the minor child by a probability of 99.04%. This Court finds that as a result of the bloodgrouping test the Defendant stipulated that he was the father of the minor child Timothy Allen Newsome.

6. Subsequent to the birth of the minor child the Plaintiff informed the Defendant that he was the father of the child.

7. Subsequent to the birth of the minor child that Defendant refused to acknowledge paternity of the minor child and saw the child only intermittently until the child was 16 years old. During this period of time, the Defendant paid no child support and contributed infrequently to the child's support by the purchase of gifts and clothes.

8. The Plaintiff has introduced expense affidavits for each month beginning in January of 1984 through March of 1987, which affidavits were prepared by the Plaintiff by examination of cancelled checks, bank statements and receipts showing her actual past expenditures for herself and the minor child. The Court finds that the expenses of the minor child Timothy Allen Newsome as reflected on these affidavits and in the Plaintiff's testimony are in fact the actual past expenditures of the minor child. The Court further finds that these expenditures on behalf of the minor child were reasonable and necessary for the support of the minor child.

9. Since January 1, 1984, the Plaintiff spent $32,536.74 for the support and maintenance of the minor child.

10. In 1986 the minor child was hospitalized at Charter North Ridge Hospital. The Defendant was informed of this hospitalization, but has failed and refused to contribute to the unreimbursed medical expense which totals $6,164.00.

11. The Plaintiff is employed and earned $13,872.00 in 1985, $15,204.00 in 1986, and in 1987, earned $1,371.00 gross income per month.

12. The Defendant is employed by the North Carolina Department of Transportation, and in 1985 earned $29,335.94; in 1986 the Defendant earned $31,573.15. In 1987 the Defendant was earning the sum of $2,340.00 per month gross income.

13. The Defendant has a vested pension with his employer in the total amount of approximately $36,000.00. The Defendant also has an IRA to which he makes a $2,000 annual contribution. In addition, the Defendant has sole title to real estate and improvements located at 2812 Oak Ridge Court, Raleigh, North Carolina. In addition, the Defendant's tax returns reflect that he receives over $2,000.00 in interest income which reflects accumulated savings of over $22,000.00 as of December 29, 1986.

14. As of the date of the filing of this action the Defendant has not paid Plaintiff child support for a period exceeding the three years of which retroactive child support is sought by the Plaintiff.

15. Pursuant to an agreement reached by counsel for the Plaintiff and the Defendant in March, 1987 when this matter came before the Court and was continued due to the Court's schedule, the Defendant has paid the Plaintiff the sum of $400.00 per month for the support and maintenance of the minor child. By stipulation of the parties, the Defendant will continue to pay the sum of $400.00 per month as and for support of the minor child. By stipulation of the parties, the Defendant will continue to pay the sum of $400.00 per month as and for the support of the minor child until the child becomes eighteen (18) years of age on September 5, 1987. Thereafter all support and maintenance for the minor child will cease.

16. The Defendant has stated his concern and love for the minor child, and his desire that he pursue a relationship with his son. The Defendant is a fit and proper person to have joint custody of the minor child.

17. The Plaintiff has insufficient funds to defray the expenses of the action.

Based on these findings, the trial court awarded plaintiff and defendant joint legal custody of the child and ordered defendant to pay plaintiff $400.00 per month for the future support and maintenance of the minor child until he reached the age of eighteen. The trial court also ordered defendant to pay plaintiff $17,200 as retroactive child support for the period 1 January 1984 through 30 March 1987. Finding that defendant had failed to pay adequate child support to plaintiff at the time her suit was instituted, the trial court also awarded plaintiff $3,000 in attorney's fees. Although the record contains plaintiff's affidavit concerning attorney's fees, the trial court's order contains no findings concerning that affidavit. Defendant appeals.

---

These facts present the following issues: I) where the record on an appeal contains two conflicting narratives of the evidence, whether the appeal should be dismissed for failure to bring forward a "settled" record as required under Appellate Rules 9 and 11; II) whether the trial court was precluded as a matter of law from awarding retroactive child support under Section 49-15; III) whether the trial court erroneously denied defendant's motion to dismiss plaintiff's claim for retroactive child support based on the contention the claim was barred by laches; IV) whether the trial court erroneously failed to make findings of fact necessary to support its child support award; and V) whether (A) attorney's fees for retroactive child support are permitted by Section 50-13.6, and (B) the trial court's award of attorney's fees was supported by adequate findings of fact.

I

[1] As noted earlier, both parties submitted proposed narratives of the evidence presented at the custody hearing since the electronically recorded verbatim transcript of the hearing was accidentally erased or lost. Although the trial court purportedly "settled" the record on appeal, it did so by forwarding *both* proposed narratives of the evidence presented at the hearing. This does not constitute a proper settlement of the appellate record under Appellate Rule 11(c) which states:

> If any appellee timely files amendments, objections, or a proposed alternative record on appeal, the appellant or any

other appellee . . . may in writing request the judge . . . to settle the record on appeal. . . . The judge shall settle the record on appeal by order entered not more than twenty days after service of the request for hearing upon the judge.

N.C.R. App. P. 11(c) (effective for judgments entered prior to 1 July 1989). Appellate Rule 9(c)(1) also states that, "When a judge or referee is required to settle the record on appeal under Rule 11(c) and there is dispute as to the form, he shall settle the form in the course of his general settlement of the record on appeal."

The trial court apparently did not attempt to reconcile the competing narratives into a single settled record on appeal without a verbatim transcript of the proceedings. This is not a correct interpretation of the court's duties under Appellate Rule 11:

[T]he stenographer's notes are not the compelling and supreme authority as to what transpired during the trial . . . [I]n settling the cases on appeal the first authority is that of counsel themselves in agreeing to what occurred at the trial as to the evidence, as to the charge, and otherwise, and when they do not agree the judge must settle what really occurred. . . . The stenographer's notes will be of valuable aid to refresh his memory, but the stenographer does not displace the judge in any of his functions . . . . We must repeat again that stenographers are a helpful aid, but are not indispensable.

*State v. Allen*, 4 N.C. App. 612, 615-16, 167 S.E.2d 505, 507-08 (1969) (approving settled record on appeal although trial court did not have stenographic transcript of trial) (quoting *Cressler v. City of Asheville*, 138 N.C. 482, 485-86, 51 S.E. 53, 54 (1905)). We do not believe that this is a case "of such length or complexity that an adequate record on appeal cannot be prepared without a stenographic transcript." *Id.*

However, it is not necessary to dismiss this appeal in light of the other documents in the record and defendant's assignments of error. Appellate Rule 9(a)(1)(v) states that the record shall contain "so much of the evidence, set out in the form provided in Rule 9(c)(1), as is necessary for an understanding of all errors assigned . . . ." Defendant does not assert the trial court's findings quoted earlier were not supported by sufficient evidence at the custody hearing, but instead asserts the trial court's conclusions were er-

roneous or were not supported by the findings actually made. Under these limited circumstances, a narrative of evidence or a verbatim transcript is not necessary to understand defendant's assignments of error. Accordingly, we will not dismiss defendant's appeal and will address the merits of his assignments of error.

II

[2]   Although the pertinent file stamp is somewhat indistinct, it appears plaintiff filed her complaint for custody and child support on 8 August 1986. She introduced affidavits of expenses she incurred in caring for her child during the period January 1984 through March 1987. Based upon these affidavits, the trial court awarded plaintiff child support for the period 1 January 1984 through 30 March 1987. Defendant's paternity was not judicially established until the judgment appealed from was entered 21 March 1988. Since the minor child was illegitimate, defendant contends he could not be liable for any child support expenses incurred by the mother *before* the date his paternity was established.

We disagree. Section 49-15 states:

Upon and after the establishment of paternity of an illegitimate child pursuant to G.S. 49-14, the rights, duties, and obligations of the mother and the father so established, with regard to support and custody of the child shall be the same, and may be determined and enforced in the same manner, as if the child were the legitimate child of such father and mother. When paternity has been established, the father becomes responsible for medical expenses incident to the pregnancy and the birth of the child.

N.C.G.S. Sec. 49-15 (1984). Our Supreme Court construed Section 49-15 in *Tidwell v. Booker*, 290 N.C. 98, 225 S.E.2d 816 (1976). Although the *Tidwell* decision was rendered before both parents were statutorily deemed primarily liable for child support, its analysis is otherwise pertinent:

The duty of the father of an illegitimate child to support such child is not created by the judicial determination of paternity. *That determination is merely a procedural prerequisite to the enforcement of the duty by legal action.* The father's duty to support his child arises when the child is born. . . . The liability of the father to reimburse the mother of an illegitimate child for expenditures reasonably incurred in the sup-

NAPOWSA v. LANGSTON

[95 N.C. App. 14 (1989)]

port of such child is a liability created by statute. G.S. 49-15. It is not a penalty or a forfeiture. Consequently, an action to enforce such liability is barred after three years. G.S. 1-51(2). *Each such expenditure by the mother creates in her a new right to reimbursement. The present action was instituted by the mother on October 9, 1974. Consequently, her right herein to judgment requiring reimbursement by the defendant, assuming his paternity is established, is limited to reimbursement for expenditures incurred by her on and after October 9, 1971. Upon a proper determination by the district court that the defendant is the father . . ., the district court may enter an order requiring the defendant to reimburse the plaintiff for reasonably necessary expenditures by her for the support of the child on and after October 9, 1971.*

*Id.* at 116, 225 S.E.2d at 827 (emphasis added); *compare* N.C.G.S. Sec. 50-13.4(b) (1976) (father primarily, and mother secondarily, liable for child support) *with* N.C.G.S. Sec. 50-13.4(b) (1987) (both parents primarily liable for child support). The father's paternity in *Tidwell* clearly had not been established at the time of the mother's appeal to the Supreme Court; however, the Supreme Court stated that, if the father's paternity was *subsequently* established, then he was required to reimburse the mother for each reasonable expenditure on the child incurred by her on and after 1 October 1971, i.e., the limitations period beginning three years before the date the mother instituted the action.

Thus, under *Tidwell* the establishment of the father's paternity is only a "procedural prerequisite" to his liability for child support. Furthermore, the three-year statute of limitations under Section 1-52(2) bars the recovery of child support expenditures incurred more than three years before the date the action for child support is filed. However, since the father's obligation to support his illegitimate children is a continuing obligation, "[e]ach . . . expenditure by the mother creates in her a new right to reimbursement." *Tidwell*, 290 N.C. at 116, 225 S.E.2d at 827. Therefore, assuming adequate proof of the expenditures under Section 50-13.4(c), the plaintiff-mother can recover reimbursement for her past support expenditures: (1) to the extent she paid the father's share of such expenditures, and (2) to the extent the expenditures occurred three years or less before 8 August 1986, the date she filed her claim for child support.

Defendant argues *Tidwell* is distinguishable since at the time of the decision the mother was "secondarily" liable for child support, while the father was "primarily liable." *Cf. id.* at 115, 225 S.E.2d at 826. However, actions for retroactive child support have clearly survived the subsequent amendments to Section 50-13.4(b). *E.g., Warner v. Latimer*, 68 N.C. App. 170, 314 S.E.2d 789 (1984); *Buff v. Carter*, 76 N.C. App. 145, 331 S.E.2d 705 (1985). We note the trial court did not order plaintiff reimbursed for the total amounts expended by her to support the child, but instead reimbursed her only for her expenditures which represented defendant's share of the child's support under Section 50-13.4(c).

We therefore reject defendant's argument that plaintiff was not entitled as a matter of law to retroactive child support under Section 49-15 for expenditures incurred before defendant's paternity was established. Thus, the trial court was not precluded as a matter of law from ordering defendant to reimburse plaintiff for past expenditures incurred from January 1984 through the date the support claim was filed on 8 August 1986. (We note the parties stipulated that defendant had paid, and would continue to pay, his share of expenses for child support incurred *after* the complaint for child support was filed.)

### III

[3] Defendant also asserts the trial court erroneously denied his motion to dismiss on the ground that laches barred plaintiff from recovering past child support since the action was not filed until the child was seventeen years of age. The doctrine of laches was created to discourage stale claims. *Larsen v. Sedberry*, 54 N.C. App. 166, 282 S.E.2d 551 (1981), *disc. rev. denied*, 304 N.C. 728, 288 S.E.2d 381 (1982). We believe the doctrine of laches is not applicable to an action for retroactive child support since the public policy concerns about stale claims are already adequately served by the three-year statute of limitations set forth in Section 1-52(2). N.C.G.S. Sec. 1-52(2) (1983). "Since the obligation . . . to furnish support to . . . minor children is a continuing one, it would seem that a mere lapse of time alone should not be a bar to the commencement of the action [for child support]." *Streeter v. Streeter*, 33 N.C. App. 679, 682, 236 S.E.2d 185, 187 (1977) (quoting 2 R. Lee, *North Carolina Family Law* Sec. 164 at 269 (4th ed. 1980)). We are aware of no decision of this State which has accepted laches as a defense to the enforcement of a court order for child support. *See Sedberry*, 54 N.C. App. at 168-69, 282 S.E.2d at 552-53 (collect-

ing illustrative cases). Plaintiff only sought and only recovered reimbursement for expenditures incurred within three years prior to the filing of the complaint. The expenditures on which plaintiff based her claim for reimbursement were no more than three years old and therefore do not create a "stale" claim under these circumstances in any event. Accordingly, we hold the trial court properly refused to dismiss plaintiff's action based on the defense of laches.

IV

[4] Defendant also asserts the trial court's findings are insufficient under Section 50-13.4(c) to support an award of child support. Section 50-13.4(c) states in pertinent part:

> Payments ordered for the support of a minor child shall be in such amount as to meet the reasonable needs of the child for health, education, and maintenance, having due regard to the estates, earnings, conditions, accustomed standard of living of the child and the parties, the child care and homemaker contributions of each party, and other facts of the particular case.

N.C.G.S. Sec. 50-13.4(c) (1987). In *Coble v. Coble*, 300 N.C. 708, 712, 268 S.E.2d 185, 189 (1980), our Supreme Court stated:

> Under G.S. 50-13.4(c) . . . an order for child support must be based upon the interplay of the trial court's conclusions of law as to (1) the amount of support necessary to 'meet the reasonable needs of the child' and (2) the relative ability of the parties to provide that amount. These conclusions must themselves be based upon factual *findings* specific enough to indicate to the appellate court that the judge below took 'due regard' of the particular 'estates, earnings, conditions, [and] accustomed standard of living' of both the child and the parents . . . . It is not enough that there be evidence in the record sufficient to support findings which *could have been made*.

(Emphasis in original.) This court furthermore stated in *Newman v. Newman*, 64 N.C. App. 125, 128, 306 S.E.2d 540, 541, *disc. rev. denied*, 309 N.C. 822, 310 S.E.2d 351 (1983):

> Not only must the trial court hear evidence on each of the factors listed above, but the trial court must also substantiate its conclusions of law by making findings of specific facts on each of the listed factors. . . . The trial court must hear evidence and make findings of specific fact on the child's actual

past expenditures and present reasonable expenses to determine 'the reasonable needs of the child.' . . . Further, the trial court must hear evidence and make findings of fact on the parents' income, estates . . . and present reasonable expenses to determine the parties' relative ability to pay.

(Citations omitted.)

In the instant case, the trial court's award of retroactive child support for the period commencing January 1984 must be based on findings adequate to show that plaintiff paid defendant's share of child support as determined under Section 50-13.4(c). While the trial court's findings were otherwise adequate on this issue, the trial court made no findings whatsoever with respect to the parties' "estates, earnings, conditions, [and] accustomed standard of living" for the year 1984. Accordingly, the trial court's award of retroactive child support must be vacated since it is not based on sufficient findings pertaining to the year 1984.

V

A

[5]   Section 50-13.6 states:

In an action or proceeding for the custody of support, or both, of a minor child . . . the court may in its discretion order payment of reasonable attorney's fees to an interested party acting in good faith who has insufficient means to defray the expense of the suit. Before ordering payment of a fee in a support action, the court must find as a fact of the party ordered to furnish support has refused to provide support which is adequate under those circumstances existing at the time of the institution of the action or proceeding . . . .

N.C.G.S. Sec. 50-13.6 (1987). Citing *Tidwell*, defendant asserts the trial court erred as a matter of law in awarding attorney's fees in an action for retroactive child support of an illegitimate child. In *Tidwell*, this court had held the putative father was estopped to deny his paternity and affirmed the trial court's award of retroactive and future child support and attorney's fees. The Supreme Court held the father was not estopped and that no child support or attorney's fees could be ordered until the determination of paternity on remand. *Tidwell*, 290 N.C. at 114, 225 S.E.2d at 826. However, believing that the issue would arise again on remand, the *Tidwell*

Court proceeded to construe the trial court's authority to order attorney's fees under Section 50-13.6. Although noting the trial court had not ordered that defendant to pay attorney's fees in connection with retroactive child support, the *Tidwell* Court nevertheless stated in dicta and without explanation, "We think the proper construction of [Section 50-13.6] is that it applies to a proceeding to compel the future support of the child, not to a proceeding to compel reimbursement for past payments made by a person secondarily liable for such child's support." *Id.* at 117, 225 S.E.2d at 827; *cf.* B. Massey, 10 Campbell L. Rev. 111, 138, *Using Hindsight to Change Child Support Obligations: A Survey of Retroactive Modification and Reimbursement of Child Support in North Carolina* (1987) (characterizing statement in *Tidwell* as dicta).

We believe the dicta concerning attorney's fees in *Tidwell* is no longer applicable since it was based in part on the mother's "secondary" liability for child support. As Section 50-13.4(b) was amended in 1981 to charge each parent with primary liability for support unless circumstances warrant otherwise, the rationale underlying the *Tidwell* dicta has been superseded by amendments to the statute it was construing. Furthermore, although the dicta of our Supeme Court are entitled to due consideration, such dicta are not binding on this court. As our Supreme Court stated in *Trustees of Rowan Technical College v. J. Hyatt Hammond Associates, Inc.*, 313 N.C. 230, 242, 328 S.E.2d 274, 281 (1985), "Language in an opinion not necessary to the decision is *obiter dictum* and later decisions are not bound thereby." *See also State of North Carolina ex rel. Util. Comm'n v. Central Tel. Co.*, 60 N.C. App. 393, 395, 299 S.E.2d 264, 266 (1983) (Court of Appeals not bound by *obiter dictum* of Supreme Court) (cited favorably by Supreme Court in *Trustees of Rowan Technical College*).

The purpose of Section 49-15 is to require parents to uphold their rights, duties, and obligations to their illegitimate as well as legitimate children. To deny the award of attorney's fees as a matter of law in an action for retroactive child support creates a distinction between the obligation to support legitimate and illegitimate children which is contrary to the express intent of Section 49-15 and is not required by the language of Section 50-13.6. Accordingly, we hold Section 50-13.6 permits the trial court the discretion to award attorney's fees for retroactive child support just as the trial court has the discretion to award attorney's fees for future support actions. The trial court in this case was there-

fore not precluded as a matter of law from awarding attorney's fees in a proceeding for retroactive child support. *Cf. Warner v. Latimer*, 68 N.C. App. 170, 314 S.E. 2d 789 (1984) (affirming award of attorney's fees in action for future and back child support).

B

**[6]** The trial court found plaintiff had insufficient funds to defray the expenses of the action, concluded defendant had failed to pay adequate child support at the time the action was filed, and ordered defendant to pay $3,000 as attorney's fees. However, defendant asserts these findings and conclusions were insufficient to support the trial court's award of attorney's fees. We agree. As we stated in *In re Scearce*, 81 N.C. App. 662, 663-64, 345 S.E.2d 411, 412, *disc. rev. denied*, 318 N.C. 415, 349 S.E.2d 590 (1986):

> Before awarding attorney's fees, the trial court must make specific findings of fact concerning: (1) the ability of the [party] to defray the cost of the suit, i.e. that the [plaintiff is] unable to employ adequate counsel in order to proceed as the litigant . . .; (2) the good faith of the [party] . . .; (3) the lawyer's skill; (4) the lawyer's hourly rates; (5) the nature and scope of the legal services rendered . . . . The lawyer's skill, hourly rate, and the nature and scope of the legal services rendered all relate to a conclusion of the reasonableness of the attorney's fees.

Although plaintiff introduced affidavits of her legal expenses, the trial court made no findings on all the factors required under Section 50-13.6. Furthermore, we note plaintiff's expense affidavits include some legal expenses attributable to the conduct of her paternity claim: attorney's fees incurred in prosecuting paternity actions may not be awarded under Section 50-13.6, but may only be assessed as costs under Section 6-21(10). *Smith v. Price*, 315 N.C. 523, 538, 340 S.E.2d 408, 417 (1986). Accordingly, we must also vacate the trial court's award of attorney's fees and remand for further proceedings consistent with this opinion.

Affirmed in part, vacated in part and remanded.

Judges ARNOLD and LEWIS concur.