JOAN L. TEPPER, Plaintiff v. RUDOLPH A. HOCH, Defendant

No. COA99-1209

(Filed 17 October 2000)

**1. Child Support, Custody, and Visitation— foreign child support order—validity—failure to request hearing in timely manner**

Defendant father is not entitled to contest the validity or enforcement of a child support order entered in Illinois and sought to be registered in North Carolina pursuant to the Uniform Interstate Family Support Act, because: (1) confirmation of a registered order occurs by operation of law under N.C.G.S. § 52C-6-606(b) when the notice is served on the non-registering party and he fails to request a hearing within a timely manner; and (2) defendant failed to request a hearing within 20 days as required by N.C.G.S. § 52C-6-606(a).

**2. Child Support, Custody, and Visitation— foreign child support order—right to contest amount of arrears**

Defendant does not have the right to contest the amount of arrears of a child support order entered in Illinois and thereafter registered in North Carolina under the Uniform Interstate Family Support Act (UIFSA), because: (1) N.C.G.S. § 52C-6-608 provides that the confirmation of a foreign support order registered under UIFSA precludes further contest of that order with respect to any matter that could have been asserted at the time of registration; (2) the official comment to the statute provides the confirmation validates both the terms of the order and the asserted arrearages; and (3) defendant's failure to request a hearing within 20 days after service of notice precludes an attack on the amount of arrearages and entitles plaintiff to enforcement of the order and the alleged arrears.

**3. Child Support, Custody, and Visitation— foreign child support order—trial court set aside confirmation**

The trial court did not abuse its discretion in setting aside the confirmation of a foreign child support order under N.C.G.S. § 1A-1, Rule 60(b)(1), because: (1) the trial court on its own initiative found as a fact that defendant's failure to request a hearing within 20 days was inadvertent; (2) plaintiff does not specifically assign error to this finding of fact and it is therefore deemed to be

supported by evidence in the record, N.C. R. App. P. 10(a); and (3) there is evidence in the record to support this finding based on the notice containing conflicting instructions with the printed language informing defendant he was obligated to file a request for a hearing and handwritten language informing defendant a hearing had been set already.

**4. Child Support, Custody, and Visitation— foreign child support order—non-registering party—any defense recognized in issuing state—apply law of state issuing order**

A non-registering party is permitted to contest in the forum or responding state a registered child support order by asserting any defense recognized in the issuing state, and the forum or responding state is to apply the law of the state of the court that issued the order.

**5. Child Support, Custody, and Visitation— foreign child support order—laches—prejudiced by delay**

The trial court properly vacated the registration of the Illinois child support order based on the equitable doctrine of laches because: (1) plaintiff mother neglected to assert her claim for delinquent child support for a period of seven years; (2) during that time, defendant father voluntarily expended $50,000 in college expenses rather than pay the delinquent child support; and (3) defendant was prejudiced by plaintiff's delay.

Appeal by plaintiff from order dated 21 May 1999 by Judge Donald L. Boone in Guilford County District Court. Heard in the Court of Appeals 22 August 2000.

*Attorney General Michael F. Easley, by Assistant Attorney General Gerald K. Robbins, for plaintiff-appellant Health and Public Assistance.*

*Adams Kleemeier Hagan Hannah & Fouts, by Trudy A. Ennis and Daniel W. Koenig, for defendant-appellee.*

GREENE, Judge.

Joan L. Tepper (Plaintiff) appeals an order vacating her registration of an Illinois child support order. In addition to vacating the registration, it decreed that Rudolph A. Hoch (Defendant) owes nothing in child support arrears.

Plaintiff and Defendant were married on 5 March 1965 in Chicago, Illinois and had two children: David Hoch (David), born 10 September 1972, and Jonathon Hoch (Jonathon), born 15 December 1976. The parties separated on or about 31 July 1976 and the judgment for dissolution of the marriage (the Judgment) was entered on 2 March 1978 in the Circuit Court of Cook County, Illinois. Defendant and Plaintiff entered into a Marital Settlement Agreement (Agreement) on 7 February 1978, which was later incorporated and merged into the Judgment. Agreement awarded Joan custody and the support arrangements provided:

> [Defendant] is to pay to [Plaintiff] the sum of $110.00 per week as and for the support of the minor children of the parties. The parties agree that neither shall seek a modification of the maintenance and support to be paid to [Plaintiff] by reason of increased earnings of either [Plaintiff] or [Defendant].
>
> . . . .
>
> If the children are educable and commensurate with [Defendant's] financial ability, as determined by his then current net income, he shall provide for a four-year college education. The selection of a college for each child shall be by agreement of the parties . . . and in accordance with [Defendant's] financial ability at such time.

Defendant was current with his child support obligations until 10 September 1990, at which time David turned 18 years of age. At that point, Defendant reduced his payment to Plaintiff to $55.00 per week for the support of Jonathon. Over the course of the past eight years, Plaintiff has on occasion called to inquire as to whether the child support check was in the mail, never questioning Defendant's reduction in the amount of the payment made directly to her. Although Defendant did not participate in the selection of a college for David or Jonathon, as provided in Agreement, he paid approximately $50,000.00 toward the college educations of both in addition to other incidental expenses.

On 23 September 1997, approximately seven years after Defendant unilaterally reduced the child support amount, Plaintiff filed her statement of fact to have her Illinois support order registered in North Carolina, the current residence of Defendant, as provided in N.C. Gen. Stat. § 52C-6-601: a provision of the Uniform Interstate Family Support Act (UIFSA). Plaintiff alleged Defendant

owed $11,988.11 in child support arrears for the period September 1990 until December 1994. The Notice of Registration (the Notice) of a Foreign Support Order (the Order), which was filed on 26 January 1998, was served on Defendant on 19 March 1998. This printed form Notice included a handwritten notation at the top of the page stating: "Courtdate 4-15-98 Courtroom 21." The Notice also stated in the printed portion:

> If you want to contest the validity or enforcement of the registered Foreign Support Order, you **must** file a written request for hearing asking the Court to vacate registration of the order, asserting any defense regarding alleged noncompliance with the order, or contesting the amount of arrears allegedly owed under the order or the remedies that are being sought to enforce the order. Your request for hearing must be filed with the Clerk of Superior Court within twenty (20) days after the date of mailing or personal service of this notice. Failure to contest the validity or enforcement of the registered Foreign Support Order in a timely manner will result in confirmation of the order and the alleged arrears, and precludes further contest of the order with respect to any matter that could have been asserted.

On 15 April 1998, this matter was on the court calendar and Defendant filed a motion for continuance, a notice of objection to relief requested, and a request for hearing at a later date. On 22 April 1998, the matter was continued to 3 June 1998. At the 3 June 1998 hearing, Defendant objected to the registration of the Order and contested the relief sought. The Assistant District Attorney contended that the matter was before the court only for the purpose of registering the Order, and Defendant's arguments concerning the relief sought were premature. The matter was continued until 24 June 1998 so the parties could submit briefs concerning the registration of the Order.

After a hearing, the trial court made the following pertinent findings of fact: Plaintiff's delay and failure to make any complaint for nearly 8 years prejudiced Defendant and Defendant would have applied money he spent paying for the children's education to the child support payment had he anticipated this action; Defendant had been unemployed for nearly 2 years and during that time he continued to make child support payments and pay expenses related to David's college; Defendant "received a court date and did not realize that he had filing deadlines prior to his initial court date"; and Defendant's untimely response to the Notice was inadvertent. The

trial court concluded in pertinent part: grounds exist under N.C. Gen. Stat. § 1A-1, Rule 60 "to relieve Defendant of any prejudice as a result of his failure to contest the registration [of the Order] within 20 days of service of [the Notice]"; Agreement was void because it was unenforceable under Illinois law; full or partial payment had been made; the child support obligations had been satisfied; and the equitable doctrine of laches applies.

---

The issues are whether: (I) an order of child support entered in another state and sought to be registered in North Carolina, pursuant to UIFSA, is confirmed by operation of law when the Notice is served on the non-registering party and he fails to request a hearing within 20 days; (II) a child support order entered in another state and confirmed in North Carolina, pursuant to UIFSA, precludes the non-registering party from contesting the amount of arrears asserted in the Notice; (III) Rule 60 is appropriate to vacate the confirmation of a foreign support order entered when the non-registering party fails to request a hearing within 20 days of service of the Notice; (IV) a non-registering party may assert an equitable defense to the enforcement of the Order; and if so, (V) the equitable doctrine of laches, as recognized in Illinois, operates to bar Plaintiff's action for arrears.

I

[1] Plaintiff argues the Order is confirmed in North Carolina, by operation of law, because Defendant did not request a hearing within 20 days after receipt of the Notice. Defendant contends the Order is not confirmed in North Carolina, by operation of law, if he contests the Notice within "a timely manner," even if he fails to request a hearing within 20 days of receipt of the Notice. We agree with Plaintiff.

Confirmation of a registered order occurs by operation of law if the non-registering party "fails to contest the validity or enforcement of the registered order in a timely manner." N.C.G.S. § 52C-6-606(b) (1999). The non-registering party cannot contest the validity or enforcement of a registered order unless he first "request[s] a hearing within 20 days after notice of registration." N.C.G.S. § 52C-6-606(a) (1999).

In this case, Defendant was served with the Notice on 19 March 1998 and did not request a hearing until 15 April 1998. Defendant did not request a hearing within 20 days and was, therefore, not entitled to contest the validity or enforcement of the Order. It follows the Order was confirmed by operation of law.

## II

**[2]** Defendant next argues even if the Order is confirmed, by opera-
tion of law, he nonetheless has the right to contest the amount of
arrears. We disagree.

The confirmation of a foreign support order, registered pursuant
to UIFSA, "precludes further contest of [that] order with respect to
any matter that could have been asserted at the time of registration."
N.C.G.S. § 52C-6-608 (1999). The official comment to this statute pro-
vides the confirmation "validates both the terms of the order and the
asserted arrearages."[1] N.C.G.S. § 52C-6-608 official commentary
(1999) (citations omitted). This comment correctly reflects the in-
tent of the legislature and that intent is also reflected in N.C. Gen.
Stat. § 52-6-605. *See Carver v. Carver,* 310 N.C. 669, 314 S.E.2d 739
(1984) (statutes related to the same matter must be construed
together to ascertain legislative intent). North Carolina General
Statute section 52C-6-605(b)(3) provides that the notice of registra-
tion must inform the non-registering party that the failure to contest
the validity of the registered order "will result in confirmation of the
order and enforcement of the order and the alleged arrears." N.C.G.S.
§ 52C-6-605(b)(3) (1999). Accordingly, Defendant's failure to request
a hearing within 20 days after service of the Notice precludes an
attack on the amount of arrearage and entitles Plaintiff to enforce-
ment of the Order and the alleged arrears.

## III

**[3]** A trial court, in its discretion, can relieve a party "from a final
judgment, order, or proceeding" on the basis of "[m]istake, inadver-
tence, surprise, or excusable neglect." N.C.G.S. § 1A-1, Rule 60(b)(1)
(1999). This relief can be provided in response to a motion of a party
or upon the trial court's own initiative. *Taylor v. Triangle Porsche-
Audi, Inc.,* 27 N.C. App. 711, 717, 220 S.E.2d 806, 811 (1975), *disc.
review denied,* 289 N.C. 619, 223 S.E.2d 396 (1976).

In this case, there is nothing in the record to reflect Defendant
moved the trial court to provide him relief from the confirmation of
the Order. The trial court, however, apparently upon its own initia-
tive, found as a fact that Defendant's failure to request a hearing

---

1. Although the commentary is not binding authority, it must be given "substan-
tial weight" in this Court's "efforts to comprehend legislative intent." *State v. Hosey,*
318 N.C. 330, 337-38, n.2, 348 S.E.2d 805, 810, n.2 (1986).

within 20 days "was inadvertent." Plaintiff does not specifically assign error to this finding of fact and it is therefore deemed to be supported by evidence in the record. *See* N.C.R. App. P. 10(a) (the scope of appellate review is limited to assignments of error set out in the record). In any event, there is evidence in the record to support this finding. The Notice contained somewhat conflicting instructions and could lead a reasonable person to believe he did not have the obligation to request a hearing. The printed language informed Defendant he was obligated to file a request for a hearing within 20 days and yet the handwritten language informed Defendant a hearing had been set already. A finding that a judgment, or in this case a confirmation of a foreign support order, was entered due to the inadvertence of a party is sufficient to support a conclusion the confirmation is to be set aside. N.C.G.S. § 1A-1, Rule 60(b)(1). Accordingly, the trial court did not err in setting aside the confirmation of the Order.[2]

IV

[4] Under UIFSA, a party contesting the validity or enforcement of a registered order may assert certain defenses. N.C.G.S. § 52C-6-607(a) (1999) (listing seven defenses). The Full Faith and Credit for Child Support Orders Act (FFCCSOA), however, makes no provision for the limitation of defenses which may be asserted by one contesting the validity or enforcement of a registered order. 28 U.S.C. § 1738B (Supp. 1999). Because the provisions of the FFCCSOA are binding on all the states and "supersede any inconsistent provisions of state law," *Kelly v Otte*, 123 N.C. App. 585, 589, 474 S.E.2d 131, 134, *disc. review denied*, 345 N.C. 180, 479 S.E.2d 204 (1996), any inconsistencies between UIFSA and FFCCSOA must be resolved in favor of FFCCSOA. Thus a non-registering party is permitted to contest, in the forum or responding state, a registered order by asserting *any* defense recognized in the issuing state.[3] In evaluating these defenses, the forum or responding state is to apply "the law of the State of the court that issued the order." 28 U.S.C. § 1738B(h)(2) (Supp. 1999).

---

2. There is no dispute in this case that the procedures of the forum state (*i.e.*, Rules of Civil Procedure), here North Carolina, apply to the enforcement of this Illinois child support order in this State. *State ex. rel. George v. Bray*, 130 N.C. App. 552, 558, 503 S.E.2d 686, 691 (1998).

3. There are some defenses recognized in the forum or responding state available to the non-registering party, *i.e.*, statute of limitations, enforcement remedies. N.C.G.S. § 52C-6-604(b); *Bray*, 130 N.C. App. at 558, 503 S.E.2d at 691.

**TEPPER v. HOCH**

[140 N.C. App. 354 (2000)]

This approach "lessen[s] the likelihood of forum shopping and relitigation." *Bray*, 130 N.C. App. at 559, 503 S.E.2d at 691.[4]

V

[5] Under Illinois law, "[l]aches is such neglect or omission to assert a right, taken in conjunction with a lapse of time and other circumstances causing prejudice to an adverse party, as will operate as a bar to a suit." *Gill v. Gill*, 290 N.E.2d 897, 899 (Ill. App. Ct. 1972), *aff'd*, 306 N.E.2d 281 (Ill. 1973). Where the delay in asserting a right has caused a change in the positions of the parties, to the detriment of the adverse party, courts will apply the doctrine of laches. *Id.*

In this case, the trial court found: Plaintiff had been in contact with Defendant several times after he reduced the child support payments; during that time, Plaintiff never questioned the reduction in child support payments, nor did she bring any action to collect past due child support payments until seven years after David's emancipation; Defendant had expended $50,000.00 paying for the college education of one child and the majority of the other child's college education despite his being unemployed for 2 years during this time; and Defendant would have applied the amount he expended toward educating the children to the ongoing monthly support had he anticipated Plaintiff would bring this current action. These findings are supported by competent evidence in the record.[5] Based on these findings, the trial court concluded the equitable doctrine of laches was applicable and barred recovery by Plaintiff. Consequently, the findings support the trial court's conclusion that Plaintiff neglected to assert her claim for delinquent child support for a period of some seven years and during that time, Defendant voluntarily expended $50,000.00 in college expenses rather than pay the delinquent child support. Defendant was thus prejudiced by her delay. Accordingly,

---

4. This holding is not inconsistent with this Court's recent opinion in *Bray*. In that case, we simply held the non-registering party was precluded from seeking to "avoid enforcement of an out-of-state child support order by asserting equitable defenses [recognized] under the law of the responding state." *Bray*, 130 N.C. App. at 557, 503 S.E.2d at 690 (emphasis added). In *Bray*, there is no indication Defendant attempted to assert equitable defenses recognized in the issuing state.

5. The trial court's findings of fact are deemed conclusive on appeal if they are supported by competent evidence, regardless of whether there is evidence which could have supported findings to the contrary. *Henderson County v. Osteen*, 297 N.C. 113, 120, 254 S.E.2d 160, 165 (1979).

based on laches, as construed by the Illinois courts, the trial court correctly vacated the registration of the Illinois child support order.[6]

Affirmed.

Judges EDMUNDS and SMITH concur.

---

6. The trial court gave other reasons for vacating the registration and we need not address those reasons. If any of the trial court's conclusions provide a proper basis for the decision in this case, we must uphold the court's order. *See Danna v. Danna,* 88 N.C. App. 680, 683-84, 364 S.E.2d 694, 696, *disc. review denied,* 322 N.C. 479, 370 S.E.2d 221 (1988).