McCULLOUGH, Judge.
*609 Leigh Bowman Malinak ("plaintiff") appeals from a contempt order holding Pavol Malinak ("defendant") in willful civil contempt and *610 holding defendant owes $6,800.00 in back child support. For the following reasons, we reverse and remand.
I. Background
Plaintiff and defendant were married 22 June 1996, had one child together during their marriage on 6 November 1996, and separated with the intent to remain permanently separated on 4 February 1999. On 26 January 2000, plaintiff filed a complaint in Alexander County District Court seeking custody of and support for the child. Pursuant to a consent order filed 31 March 2000, plaintiff was granted primary custody and defendant was ordered to pay $400.00 per month in child support.
On 18 April 2000, defendant filed an answer and counterclaims seeking child custody, child support, attorney's fees, and absolute divorce. Plaintiff replied to defendant's counterclaims and joined defendant's request for absolute divorce on 28 June 2000. The same day plaintiff filed her reply, the trial court filed a judgment granting absolute divorce. All other matters were severed and reserved for future determination.
*916 More than a decade later on 1 April 2014, plaintiff filed a motion to show cause based on defendant's alleged failure to make child support payments. Specifically, plaintiff alleged defendant owed $48,000.00. After several continuances, defendant filed a pleading on 23 July 2014 asserting the affirmative defenses of laches, the statute of limitations, and unclean hands.
Following a hearing on plaintiff's motion to show cause in Alexander County District Court, the Honorable Deborah Brown announced her decision to hold defendant "in contempt of the prior court order in that he is in arrears on his child support in the amount of six thousand, eight hundred dollars." The trial judge explained her reasoning and calculations in open court and later memorialized her decision in a written order of contempt filed 7 August 2014. The following findings of fact in the order of contempt explain her ruling:
6. The parties entered into a Consent Judgment on March 31, 2000, which provides for among other things for the payment of child support in the amount of $400.00 per month.
7. The Defendant paid child support until May 2001.
8. The Plaintiff discouraged the Defendant from visiting with the minor child and represented to the Defendant *611 that she would not enforce the child support order if he would not visit.
9. The lack of visitation does not excuse the payment of child support.
....
13. The Defendant began paying child support again in October in 2012, and has paid child support consistently since that time.
....
15. The Plaintiff has waited 13 years to attempt to enforce the consent order of March 31, 2000. The Plaintiff is barred by the docrtrine [sic] of Laches from seeking child support prior to March 26, 2011.
16. The Plaintiff testified that she did not pursue the child support as she did not have monies with which to do so. She did however obtain Medicaid through the Department of Social Services and could have pursued child support.
17. From March 26, 2011, through July 2014, the Defendant should have paid $14,400.00 in child support. The Defendant has paid $7,600.00 leaving a balance of $6,800.00.
18. The Defendant's failure to pay was wilful [sic] and without lawful justification or excuse.
19. The purposes for which the order was entered can still be served by its' enforcement.
Plaintiff filed notice of appeal from the order of contempt on 4 September 2014.
II. Discussion
The sole issue raised on appeal by plaintiff is whether the trial court erred by barring the recovery of unpaid child support prior to 26 March 2011 under the doctrine of laches. The doctrine of laches is an affirmative defense which the pleading party bears the burden of proving. Taylor v. City of Raleigh, 290 N.C. 608, 622, 227 S.E.2d 576, 584 (1976).
To establish the affirmative defense of laches, our case law recognizes that 1) the doctrine applies where a delay *612 of time has resulted in some change in the condition of the property or in the relations of the parties; 2) the delay necessary to constitute laches depends upon the facts and circumstances of each case; however, the mere passage of time is insufficient to support a finding of laches; 3) the delay must be shown to be unreasonable and must have worked to the disadvantage, injury or prejudice of the person seeking to invoke the doctrine of laches; and 4) the defense of laches will only work as a bar when the claimant knew of the existence of the grounds for the claim.
MMR Holdings, LLC v. City of Charlotte, 148 N.C.App. 208, 209-10, 558 S.E.2d 197, 198 (2001). The applicability of the doctrine of laches in child support cases is a question of law. "We review questions of law de novo." Staton v. Brame, 136 N.C.App. 170, 174, 523 S.E.2d 424, 427 (1999).
*917 In the present case, plaintiff concedes recovery of unpaid child support accruing prior to 1 April 2004 is barred by the ten year statute of limitations provided in N.C. Gen.Stat. § 1-47, see State of Michigan v. Pruitt, 94 N.C.App. 713, 714, 380 S.E.2d 809, 810 (1989), but contends the trial court erred in applying the doctrine of laches to bar recovery of child support owed from 1 April 2004 until 26 March 2011, "thereby denying plaintiff $33,600.00 in accrued child support that was owing during the relevant period of the statute of limitations." Plaintiff cites Napowsa v. Langston, 95 N.C.App. 14, 381 S.E.2d 882 (1989), and Larsen v. Sedberry, 54 N.C.App. 166, 282 S.E.2d 551 (1981), in support of her argument. Upon review, we agree the trial court erred in applying the doctrine of laches to limit plaintiff's recovery of past due child support.
In Larsen, fourteen years after a divorce decree was entered ordering the plaintiff's former husband to pay child support, the plaintiff filed suit against her former husband's estate seeking to collect $10,710.00 in past due child support. 54 N.C.App. at 166-67, 282 S.E.2d at 552. Despite the estate's assertion of laches as a bar to the plaintiff's recovery, the trial court entered summary judgment awarding the plaintiff child support owed during the applicable ten year statute of limitations period prior to the date of the plaintiff's former husband's death. Id. at 167, 282 S.E.2d at 552. On appeal, this Court affirmed the trial court's entry of summary judgment in favor of the plaintiff, distinguishing the case from prior cases that recognized the doctrine of laches as a valid defense on the basis that those prior cases did not involve claims of past due court-ordered payments, such as the continuing obligation of court-ordered child support. Id. at 167-68, 282 S.E.2d at 552-53. Furthermore, in Larsen *613 this Court acknowledged prior cases in which this State's appellate courts have held the defense of laches was untenable in suits to recover past due support obligations, see Nall v. Nall, 229 N.C. 598, 50 S.E.2d 737 (1948), and Lindsey v. Lindsey, 34 N.C.App. 201, 237 S.E.2d 561 (1977), and ultimately held, "[t]he only bar to [the] plaintiff's action for enforcement of the child support judgment is the applicable ten-year statute of limitations [.]" Larsen, 54 N.C.App. at 169, 282 S.E.2d at 553.
Years later in Napowsa, this Court addressed a defendant's argument that "the trial court erroneously denied his motion to dismiss on the ground that laches barred [the] plaintiff from recovering past child support since the action was not filed until the child was seventeen years of age." 95 N.C.App. at 22, 381 S.E.2d at 887. Relying in part on Larsen, this Court expressed that it "believe[d] the doctrine of laches is not applicable to an action for retroactive child support since the public policy concerns about stale claims are already adequately served by the ... statute of limitations" and stated it was "aware of no decision of this State which has accepted laches as a defense to the enforcement of a court order for child support." Id. at 22, 381 S.E.2d at 887. Thus, in Napowsa this Court held "the trial court properly refused to dismiss [the] plaintiff's action based on the defense of laches." Id. at 23, 381 S.E.2d at 887.
In his brief on appeal, defendant acknowledges the holdings of Larsen and Napowsa and "concedes that generally speaking our Courts have not embraced the equitable defense of laches barring claims for unpaid alimony and child support." Defendant, however, argues there are exceptions for the application of equitable defenses to the payment of child support and requests that we carve out a rule. Defendant cites Ribelin v. Creel, No. COA14-643, 2015 WL 660788 (N.C.App. Feb. 17, 2015), a recent unpublished opinion by this Court, and Tepper v. Hoch, 140 N.C.App. 354, 536 S.E.2d 654 (2000), in support of his argument. We decline defendant's request as both Ribelin and Tepper are not controlling in this case.
Although Ribelin is unpublished, defendant "submits that it is so recent having been handed down on February 17, 2015, that it has some precedential value." We are not persuaded. First, nothing in Rule 30(e) of the North Carolina Rules of Appellate procedure provides that an unpublished opinion has precedential value merely because it is recent. Second, Ribelin is easily distinguished from the present case because the *918 defendant in Ribelin was not under a prior court order to pay child support. 2015 WL 660788, at *4. Thus, this Court held in Ribelin that it *614 was within the trial court's discretion to limit the amount of child support retroactively ordered in an order imposing a child support obligation on the defendant for the first time. Id. In contrast, defendant in the present case failed to make child support payments subsequent entry of the trial court's order requiring him to do so. We hold laches is not applicable in such a situation to avoid a court-ordered obligation.
Regarding Tepper, while this Court upheld the trial court's application of laches to bar the plaintiff's recovery of past due child support, it did so applying laches as construed by the Illinois courts. 140 N.C.App. at 361-62, 536 S.E.2d at 659-60. Its decision was not based on the applicability of laches under North Carolina law and, therefore, the opinion is not controlling in the present case.
III. Conclusion
For the reasons discussed, laches is not an applicable defense to the non-payment of court ordered child support obligations and, therefore, the trial court erred in limiting the arrears owed by defendant in this case.
REVERSED AND REMANDED.
Judges STROUD and INMAN concur.