STATE OF NORTH CAROLINA v. DELMAS PEARSALL

No. 784SC415

(Filed 7 November 1978)

**Constitutional Law § 74— witness's pleading of Fifth Amendment—no compulsion to testify for defendant**

The trial court properly concluded that a person charged with the same crime for which defendant was on trial and claiming the Fifth Amendment privilege against self-incrimination could not be compelled to testify for defendant, since that person's appeal from her conviction of armed robbery was pending; however, a transcript of that person's testimony at defendant's first trial was admissible in defendant's second trial, since there was no claim of privilege as to the transcript and thus no question as to the effectiveness of her waiver of the privilege in the first trial of defendant.

APPEAL by defendant from *James, Judge.* Judgment entered 18 January 1978, in Superior Court, DUPLIN County. Heard in the Court of Appeals 31 August 1978.

Defendant was convicted of armed robbery of Cynthia Boykin, clerk in a convenience store at Warsaw on 29 August 1977. He appeals from judgment imposing imprisonment.

It appears from the State's evidence that on the night of 29 August 1977, Ms. Boykin was robbed of about $433 by a black female, (thereafter identified as Linda Sutton Williams) carrying a shotgun.

Shortly before the robbery, Police Chief R. P. Wood observed a 1968 gold-colored Plymouth parked at a warehouse next to the convenience store. About the time of the robbery two police officers on patrol observed the Plymouth drive away from the warehouse and stopped the vehicle. Defendant was the operator. After getting permission from defendant to search the vehicle, the officers received a radio call directing them to investigate a robbery at the convenience store. About an hour later the two officers observed the same Plymouth about two blocks from the same store. The operator and sole occupant was Linda Sutton Williams. They saw a shotgun on the floor of the vehicle. Ms. Williams was arrested.

Defendant voluntarily came to the police station about an hour after Ms. Williams' arrest. Defendant made a statement in substance that he and Ms. Williams on the night in question drank some beer and smoked marijuana. She had a shotgun. They talked about robbing the convenience store. She asked the defendant about going in with her, but he refused because the clerk knew him. Defendant loaded the shotgun and showed her how to cock it. When the police car came by the warehouse, he drove off and the officers stopped him. Defendant also stated he knew where part of the stolen money was hidden, but they would have to find it.

Defendant testified that he had no knowledge that Ms. Williams intended to rob the convenience store until just before she left the car with the gun; that he told her that he would have nothing to do with it. He left the car and caught a ride back to town. When he heard the police were looking for him, he went to the police station.

*Attorney General Edmisten by Associate Attorney Lucien Capone III for the State.*

*Bruce H. Robinson, Jr. for the defendant appellant.*

CLARK, Judge.

The sole issue raised by this appeal is whether the trial court erred in ruling that Linda Sutton Williams, having claimed the Fifth Amendment privilege against self-incrimination, was not required to testify as a witness for the defendant.

Before taking the stand to testify in his own behalf, defendant called Linda Sutton Williams as his witness. She informed the court that she would not testify. Her lawyer was not present. She had been convicted of armed robbery of the clerk in the convenience store (as defendant was charged in the case before us) but her appeal was pending at the time of this trial. The trial court ruled that she would not be required to testify.

It appears from the record on appeal that counsel then stipulated that "the following is the testimony of Linda Sutton Williams at a trial conducted on October 12 and October 13, 1977."

"Q. Do you know Delmas Pearsall?

A. No, I put a gun to his head in the store.

Q. Weren't you with Delmas Pearsall on this night?

A. No, sir, I wasn't.

Q. He never had occasion to drive your car on this night?

A. I can't tell you if he had or not. Yes, I can, because the police officer said that he stopped him in the car.

Q. You never gave him permission to use your car?

A. No, sir, I didn't, and I would like to break his face for breaking up my car. What is all them scratches doing on my car?"

The transcript of the testimony was read to the jury by defense counsel.

Did Linda Sutton Williams by testifying for the defendant in his trial of October, 1977, waive her constitutional right against self-incrimination?

It is the majority view that a witness who testifies to incriminating matters in one proceeding does not thereby waive the right to refuse to answer as to such matters on subsequent, separate, or independent trial or hearing. *Commonwealth v. Fisher*, 189 Pa. Super. Ct. 13, 149 A. 2d 666 (1959), *rev'd on other grounds*, 398 Pa. 237, 157 A. 2d 207 (1960); C. McCormick, Evidence, § 132 at 281 (2d ed. 1972); 8 Wigmore on Evidence, § 2276 at 470 (McNaughten rev. 1961). However, the privilege against self-incrimination is waived as to the testimony given in the first proceeding, provided that the privilege was effectively waived. Annot., 5 A.L.R. 2d 1404 (1949).

There was no claim of privilege as to the transcript of the testimony of Linda Sutton Williams and thus no question as to the effectiveness of her waiver of the privilege in the first trial of the defendant. Since the appeal from her conviction and judgment was pending at the time she was called as a witness in the case before us, there had been no final disposition of the armed robbery charge against her, and she was protected by her privilege from being compelled to testify in this case. The trial court did not err in its ruling that Linda Sutton Williams would not be required to testify.

No error.

Judges PARKER and ERWIN concur.