ROGER D. DAVIS, Petitioner v. NORTH CAROLINA DEPARTMENT OF CRIME CONTROL & PUBLIC SAFETY, DIVISION OF STATE HIGHWAY PATROL, Respondent

No. COA01-805

(Filed 16 July 2002)

**Public Officers and Employees— highway patrolman—demotion—just cause—unbecoming conduct**

A de novo review reveals that the trial court did not err by affirming the State Personnel Commission's decision and order upholding petitioner highway patrolman's demotion based on just cause for personal misconduct including proceeding to drive after drinking three beers and speeding, because: (1) substantial competent evidence supports the conclusion that the Highway Patrol had just cause to demote petitioner for unbecoming conduct under North Carolina Highway Patrol Directive F.1, Section IV; and (2) even if the whole record test was applied, the result would have been the same since the decision was supported by substantial evidence and was neither arbitrary nor capricious.

Appeal by petitioner from order entered 24 January 2001 by Judge L. Oliver Noble, Jr., in Catawba County Superior Court. Heard in the Court of Appeals 20 May 2002.

*C. Gary Triggs and Curt J. Vaught for petitioner-appellant.*

*Attorney General Roy Cooper, by Special Deputy Attorney General Isaac T. Avery, III, for the State.*

EAGLES, Chief Judge.

Roger Davis ("petitioner") appeals from the trial court's order affirming the State Personnel Commission's ("Commission") Decision and Order upholding his demotion. On appeal, petitioner contends that the trial court, the Commission, and the Administrative Law Judge erred in concluding that there existed just cause for his demotion. After careful consideration of the record and briefs, we disagree and affirm the trial court.

The evidence tends to show the following. Petitioner had served as a member of the North Carolina State Highway Patrol ("Highway Patrol"), a division of the North Carolina Department of Crime Control and Public Safety, for approximately twenty-seven years. On

12 September 1996, petitioner was a First Sergeant with the Highway Patrol. On the morning of 12 September 1996, petitioner and his wife were packing their vehicles for a trip to Myrtle Beach, South Carolina. At 12:00 p.m., petitioner consumed one 12 ounce can of beer. Shortly thereafter, petitioner and his wife, driving separate vehicles, left their residence. The couple drove approximately 130 miles and stopped at a convenience store. While in the parking lot of the convenience store, petitioner consumed a hot dog and two 12 ounce cans of beer. Petitioner placed the empty beer cans on his vehicle's floorboard and resumed his trip.

At approximately 2:30 p.m., Trooper C.S. Grubbs was patrolling U.S. Highway 64 when he observed petitioner's vehicle traveling at a high rate of speed. After confirming with his radar unit that petitioner's vehicle was traveling 70 miles per hour in a 55 miles per hour zone, Trooper Grubbs activated his blue lights and followed petitioner. Petitioner stopped his vehicle on the shoulder of U.S. Highway 64, approximately 13.8 miles from the convenience store where he consumed the two beers, and Trooper Grubbs approached the vehicle.

While conversing with petitioner, Trooper Grubbs detected an odor of alcohol on petitioner's breath. Trooper Grubbs asked petitioner if he had been drinking, and petitioner admitted that he drank one beer at home and two beers at the convenience store. Trooper Grubbs also noticed a cooler on the vehicle's right front floorboard and one empty beer can on the floorboard between petitioner's feet. Trooper Grubbs asked petitioner to perform a field sobriety test which he did. Trooper Grubbs formed the opinion that petitioner was not appreciably impaired.

Nevertheless, Trooper Grubbs decided to administer an alco-sensor test. The first test resulted in an alcohol concentration of 0.09, and the second test, administered five to six minutes later, resulted in an alcohol concentration of 0.08. Trooper Grubbs did not arrest petitioner for impaired driving, but he did tell petitioner not to drive. Petitioner left the scene with his wife driving his vehicle. The couple left their other vehicle on the shoulder of the highway.

Trooper Grubbs reported the 12 September 1996 incident to his immediate supervisor, and the incident report was communicated up through the chain of command. Subsequently, a Highway Patrol Internal Affairs investigation was conducted, and petitioner, petitioner's wife, and Trooper Grubbs, *inter alia*, were interviewed. At

the conclusion of the investigation, it was recommended that petitioner be demoted to the rank of Line Sergeant with a corresponding salary reduction. A pre-demotion conference was held on 25 February 1997.

Petitioner timely filed an appeal to the Secretary of the North Carolina Department of Crime Control and Public Safety. The Secretary convened an Employee Advisory Committee, which recommended that petitioner be reinstated to the rank of First Sergeant. The Secretary considered the Committee's recommendation, but the Secretary upheld petitioner's demotion due to his personal misconduct.

Petitioner filed a petition for a contested case hearing, and a hearing was held before Administrative Law Judge Sammie Chess, Jr. By Recommended Decision entered 27 May 1998, Administrative Law Judge Chess affirmed petitioner's demotion. In so doing, Administrative Law Judge Chess concluded that there was just cause to demote petitioner pursuant to (1) G.S. § 20-138.1 (impaired driving) and (2) North Carolina State Highway Patrol Directive F.1, Section IV (unbecoming conduct). Petitioner next appealed to the State Personnel Commission.

By Decision and Order entered 14 October 1998, the Commission adopted the Administrative Law Judge's findings and conclusions and affirmed his Recommended Decision. Thereafter, petitioner filed a petition for judicial review. A hearing was held during the 16 January 2001 Civil Session of Catawba County Superior Court, the Honorable L. Oliver Noble, Jr., presiding. The trial court affirmed the Commission's Decision and Order by order entered 24 January 2001. Petitioner appeals.

At the outset, we note that respondent North Carolina Department of Crime Control and Public Safety has on two occasions moved to dismiss this appeal alleging petitioner's untimely notice of appeal. Nevertheless, in our discretion under N.C. R. App. P. 21, we deny respondent's motions and treat petitioner's appeal as a petition for writ of certiorari.

In his brief, petitioner contends that the trial court "failed to properly review the record using the 'whole record test' and therefore erred in the entry of its order on January 24, 2001 affirming the final decision and order of the North Carolina State Personnel Commission." In essence, petitioner argues that the Highway Patrol

did not have "just cause" under G.S. § 126-35 to warrant his demotion. After careful review, we disagree.

Pursuant to G.S. § 126-35(a), "[n]o career State employee subject to the State Personnel Act shall be discharged, suspended, or demoted for disciplinary reasons, except for just cause." " 'Just cause' is a legal basis, set forth by statute, for the termination [or demotion] of a State employee, and requires the application of legal principles. Thus, its determination is a question of law." *Gainey v. N.C. Dept. of Justice*, 121 N.C. App. 253, 259 n.2, 465 S.E.2d 36, 41 n.2 (1996), *but see N.C. Dept. of Correction v. Myers*, 120 N.C. App. 437, 441, 462 S.E.2d 824, 827 (1995) (applying "whole record" test in reviewing whether just cause existed to demote State employee). "We review questions of law *de novo.*" *Staton v. Brame*, 136 N.C. App. 170, 174, 523 S.E.2d 424, 427 (1999).

Here, the trial court stated in its order that it reviewed petitioner's petition for judicial review under the "whole record" test. Additionally, petitioner now requests that this Court review the Commission's decision under the "whole record" test. However, "the manner of our review is [not] governed merely by the label an appellant places upon an assignment of error; rather, we first determine the actual nature of the contended error, then proceed with an application of the proper scope of review." *Amanini v. N.C. Dept. of Human Resources*, 114 N.C. App. 668, 675, 443 S.E.2d 114, 118 (1994). "[W]here the initial reviewing court should have conducted *de novo* review, this Court will directly review the State Personnel Commission's decision under a *de novo* review standard." *Id.* at 677, 443 S.E.2d at 119.

As noted above, a trial court's "determination of whether a termination [or demotion] was for 'just cause' based upon personal misconduct is a question of law, and [] questions of law are to be reviewed *de novo.*" *Souther v. New River Area Mental Health*, 142 N.C. App. 1, 4, 541 S.E.2d 750, 752, *aff'd*, 354 N.C. 209, 552 S.E.2d 162 (2001); *see also Amanini*, 114 N.C. App. at 678, 443 S.E.2d at 120. "We will employ the proper standard of review regardless of that employed by the reviewing trial court." *Souther*, 142 N.C. App. at 4, 541 S.E.2d at 753.

" '*De novo*' review requires a court to consider a question anew, as if not considered or decided by the agency." *Amanini*, 114 N.C. App. at 674, 443 S.E.2d at 118. Here, competent evidence before this Court shows that petitioner was sworn to uphold the law as a mem-

ber of the Highway Patrol; that petitioner had written thousands of criminal citations for speeding and had arrested motorists for impaired driving and other alcohol-related violations during his twenty-seven years with the Highway Patrol; that petitioner drank three beers within a two and a half hour period on 12 September 1996; that petitioner proceeded to drive after drinking the three beers; that petitioner exceeded the posted speed limit while driving; that petitioner had an odor of alcohol on his breath; that two alco-sensor tests administered on petitioner registered 0.09 and 0.08 alcohol concentration readings respectively. Moreover, petitioner readily admitted that he drank three beers in a two and a half hour period and that he was driving 60 to 62 miles per hour in a 55 miles per hour zone when he was stopped by Trooper Grubbs.

Under the State Personnel Act, G.S. § 126-1 *et seq.*, "[a]ny employee may be demoted as a disciplinary measure. Demotion may be made on the basis of either unsatisfactory or grossly inefficient job performance or unacceptable personal conduct." 25 N.C.A.C. § 1J.0612(a). Moreover, "[a]n employee may be demoted for unacceptable personal conduct without any prior disciplinary action." 25 N.C.A.C. § 1J.0612(a)(3). Unacceptable personal conduct includes "conduct unbecoming a state employee that is detrimental to state service." 25 N.C.A.C. § 1J.0614(i)(5).

Additionally, the Highway Patrol has a written policy that provides:

Members shall conduct themselves at all times, both on and off duty, in such a manner as to reflect most favorably upon the Highway Patrol and in keeping with the high standards of professional law enforcement. Unbecoming conduct shall include any conduct which tends to bring the Patrol into disrepute, or which reflects discredit upon any member(s) of the Patrol, or which tends to impair the operation and efficiency of the Patrol or of a member, or which violates Patrol policy.

North Carolina State Highway Patrol Directive F.1, Section IV. The primary mission of the Highway Patrol is to ensure highway safety. To accomplish that mission in part, the Highway Patrol admonishes members of the general public not to drink and drive. Here, petitioner was demoted for unacceptable personal conduct for violating the Highway Patrol's policy.

After conducting our *de novo* review, we conclude that substantial competent evidence supports the conclusion that the Highway

Patrol had just cause to demote petitioner for unbecoming conduct pursuant to North Carolina State Highway Patrol Directive F.1, Section IV. Having determined that substantial competent evidence supports the Highway Patrol's decision to demote petitioner pursuant to Highway Patrol Directive F.1, Section IV, we need not address petitioner's argument that the Commission erred in concluding that the Highway Patrol had just cause to demote him pursuant to G.S. § 20-138.1 (impaired driving).

Parenthetically, we note that the result here would have been the same even if we had reviewed the decision below utilizing the "whole record" test. "The 'whole record' test requires the court to examine all competent evidence comprising the 'whole record' in order to ascertain if substantial evidence therein supports the administrative agency decision." *Dorsey v. UNC-Wilmington*, 122 N.C. App. 58, 62, 468 S.E.2d 557, 560 (1996). In examining the "whole record," we would hold that the Highway Patrol's decision here is supported by substantial evidence and was neither arbitrary nor capricious.

Accordingly, we affirm the trial court.

Affirmed.

Judges McGEE and TYSON concur.