DILLON, Judge.
 

 *422
 
 North Carolina Division of Motor Vehicles and the Commissioner of Motor Vehicles (collectively referred to as "the DMV" or the "Respondents")
 
 [1]
 
 appeal from a trial court
 
 *153
 
 order reversing an agency
 
 *423
 
 decision that revoked Jennifer Anne Wolski's driver's license. After careful review, we affirm the trial court's order.
 

 I. Background
 

 In April 2015, a Huntersville police officer arrested Jennifer Anne Wolski for driving while under the influence.
 

 After being advised of her rights under
 
 N.C. Gen. Stat. § 20-16.2
 
 (a) (2013) at police department headquarters, Ms. Wolski refused to both submit to a breathalyzer test and sign the provided statutory form ("Rights Form").
 

 The officer, who is a certified chemical analyst, executed a sworn affidavit and revocation report
 
 [2]
 
 that contained conflicting information regarding Ms. Wolski's refusal to submit to breathalyzer testing.
 
 [3]
 
 Although the affidavit referred to an attached Rights Form as evidence of Ms. Wolski's refusal to submit to testing, the attached Rights Form did
 
 not
 
 indicate that Ms. Wolski had refused testing.
 

 The officer later amended the attached Rights Form to reflect Ms. Wolski's refusal to submit to testing. The officer did not re-execute the affidavit to reflect this change.
 

 The DMV notified Ms. Wolski of the impending revocation of her driver's license. Ms. Wolski requested a hearing to challenge the imminent revocation on jurisdictional grounds. The hearing officer rejected Ms. Wolski's jurisdictional arguments and affirmed the DMV's decision to revoke her driver's license.
 

 Ms. Wolski appealed the DMV hearing officer's decision. The trial court reversed the revocation of Ms. Wolski's driver's license. The DMV filed an appeal.
 
 [4]
 

 *424
 
 II. Standard of Review
 

 As the trial court reviewed the hearing officer's decision as an
 
 appellate court
 
 ,
 
 see
 

 Johnson v. Robertson
 
 ,
 
 227 N.C.App. 281
 
 , 286,
 
 742 S.E.2d 603
 
 , 607 (2013) (reaffirming principle that a trial court acts as an appellate court when reviewing certain, final agency decisions), our standard of review is limited to "(1) determining whether the trial court exercised the appropriate scope of review and, if appropriate, (2) deciding whether the court did so properly,"
 
 ACT-UP Triangle v. Comm'n for Health Servs. of the State of N.C.
 
 ,
 
 345 N.C. 699
 
 , 706,
 
 483 S.E.2d 388
 
 , 392 (1997) (internal quotation marks omitted). Here, the trial court's appropriate scope of review is "whether there is sufficient evidence in the record to support the Commissioner's findings of fact and whether the conclusions of law are supported by the findings of fact and whether the Commissioner committed an error of law in revoking the license."
 
 N.C. Gen. Stat. § 20-16.2
 
 (e) (2013). Questions of law are reviewed
 
 de novo
 
 .
 
 See
 

 Davis v. Dep't of Crime Control & Pub. Safety
 
 ,
 
 151 N.C.App. 513
 
 , 516,
 
 565 S.E.2d 716
 
 , 719 (2002).
 

 III. Analysis
 

 The DMV contends in part that the trial court erred as the officer's affidavit was executed in compliance with
 
 *154
 

 N.C. Gen. Stat. § 20-16.2
 
 (c1). For the following reasons, we disagree.
 

 At the outset, we note that the trial court applied the correct standard of review. The trial court revealed that "[t]he standard of review applied ... is ... whether there is sufficient evidence in the record to support Respondents' findings of fact, whether the conclusions of law are supported by the findings of fact and whether Respondents committed an error of law in revoking the license."
 

 As to the DMV's substantive argument, we hold that
 
 Lee v. Gore
 
 ,
 
 365 N.C. 227
 
 ,
 
 717 S.E.2d 356
 
 (2011) controls and therefore conclude that the DMV lacked jurisdiction to revoke Ms. Wolski's driver's license. In
 
 Lee
 
 , our Supreme Court affirmed a Court of Appeals' decision reversing license revocation, holding that "an affidavit materially altered outside the presence of someone authorized to administer oaths, or an affidavit that omits entirely the material element of willfulness, is not properly executed for the purposes of section 20-16.2(d)."
 
 Id.
 
 at 233-34,
 
 717 S.E.2d at 361
 
 (internal quotation marks omitted).
 

 *425
 
 Much like the officer in
 
 Lee
 
 ,
 
 id.
 
 at 233,
 
 717 S.E.2d at 361
 
 , the officer here failed to modify the Rights Form in front of a magistrate or an official authorized to administer oaths. Although the modification at issue in
 
 Lee
 
 was made directly on the affidavit form,
 
 id.
 
 at 228-29,
 
 717 S.E.2d at 358
 
 , the officer's modification here nevertheless related to a material requirement under
 
 N.C. Gen. Stat. § 20-16.2
 
 (c1) -namely, whether Ms. Wolski submitted to testing. Moreover, the Rights Form was specifically incorporated by reference in the affidavit.
 
 See
 

 Patterson ex rel. Jordan v. Patterson
 
 ,
 
 137 N.C.App. 653
 
 , 659,
 
 529 S.E.2d 484
 
 , 488 (2000) (applying general principle of incorporation by reference to affidavits). Therefore, any
 
 material
 
 alteration to the Rights Form required re-execution of the affidavit in compliance with
 
 N.C. Gen. Stat. § 20-16.2
 
 (c1). Accordingly, we hold that the officer's failure to modify the Rights Form in front of a magistrate or official stripped the DMV of jurisdiction to revoke Ms. Wolski's driver's license.
 

 IV. Conclusion
 

 As the Rights Form was not modified in front of a magistrate or official, we hold that the DMV lacked jurisdiction to revoke Ms. Wolski's license. We therefore affirm the trial court's ruling.
 

 AFFIRMED.
 

 Judges ELMORE and ZACHARY concur.
 

 [1]
 

 While the two are separate entities, a number of the pleadings and documents before this Court refer to the "North Carolina Division of Motor Vehicles
 
 and
 
 the Commissioner of Motor Vehicles" as one single, fused entity.
 

 [2]
 

 Pursuant to
 
 N.C. Gen. Stat. § 20-16.2
 
 (c1) (2013), the arresting officer and chemical analyst must execute an affidavit setting forth: (1) the alleged, implied-consent offense-generally a driving under the influence charge, (2) information regarding the arrest and offense at issue, (3) information establishing that the arrestee was advised of her statutory rights, and (4) information establishing whether the arrestee submitted to breathalyzer testing.
 

 Id.
 

 Execution entails completion of the affidavit and signage by the arresting officer and chemical analyst in front "of an official authorized to administer oaths."
 

 Id.
 

 [3]
 

 The affidavit indicated that Ms. Wolski had
 
 both
 
 submitted and refused to submit to breathalyzer testing.
 

 [4]
 

 The DMV's notice of appeal refers to the "Respondents"-namely the North Carolina Division of Motor Vehicles
 
 and
 
 the Commissioner of Motor Vehicles-as one single, fused entity. Nevertheless, we have appellate jurisdiction to review this matter as the DMV's intent to appeal the trial court's order as
 
 two separate entities
 
 "can be fairly inferred from the notice [of appeal]."
 
 State v. Springle
 
 , --- N.C.App. ----, ----,
 
 781 S.E.2d 518
 
 , 521 (2016) (internal quotation marks omitted).