JAMES RUDOLPH STREETER v. BETTY JEAN COREY STREETER

No. 763DC906

(Filed 20 July 1977)

**1. Divorce and Alimony § 16— effect of delay in seeking alimony**

   The mere delay by the dependent spouse in seeking maintenance
from the supporting spouse, absent any showing of prejudice to the
supporting spouse resulting from the delay, does not bar the depend-
ent spouse's action to enforce the right to support.

**2. Rules of Civil Procedure § 50— motion for judgment n.o.v. — necessity
for directed verdict motion**

   The timely making of an appropriate motion for a directed verdict
is an absolute prerequisite for the motion for judgment notwithstand-
ing the verdict.

**3. Rules of Civil Procedure § 49; Trial § 56— waiver of jury trial on issue
of fact**

   The court's finding that the attorney for the plaintiff agreed
that the question of laches by defendant in seeking alimony would
be determined solely by the judge was supported by the record where
plaintiff's attorney failed to demand that the issue of. laches be
submitted to the jury; and plaintiff's attorney admitted in his brief
that he agreed that no issue of laches would be submitted to the
jury, since the judge was authorized by G.S. 1A-1, Rule 49(c) to
make a finding upon an issue of fact absent a request that the issue
be submitted to the jury.

**4. Trial § 58— findings by court after jury verdict**

   The trial court did not usurp the jury's authority in making de-
tailed findings of fact in its judgment awarding a divorce to plaintiff
and alimony to defendant where the findings were made after the
jury had returned its verdict and were not inconsistent with the
verdict; furthermore, if some of the findings were not necessary to
the determination of issues which were before the court to decide, they
may be treated as surplusage.

APPEAL by plaintiff from *Whedbee, Judge.* Judgment en-
tered 27 May 1976 in District Court, PITT County. Heard in the
Court of Appeals 12 May 1977.

   Plaintiff-husband commenced this action on 11 September
1975 seeking an absolute divorce on the ground of separation
for more than one year. Defendant-wife answered alleging facts
in recrimination as affirmative defenses and counterclaiming
for alimony and counsel fees. Plaintiff replied, pleading laches
as a defense to defendant's counterclaim. An interlocutory
award to defendant of alimony *pendente lite* and counsel fees

was affirmed by this Court in an unpublished opinion filed 3 November 1976. *Streeter v. Streeter*, 31 N.C. App. 334, 229 S.E. 2d 259 (1976).

At trial on the merits before a jury, plaintiff testified that the parties married on 21 April 1965, that they separated on 30 May 1966, and that since then they have lived continuously separate and apart. He also testified that no children were born of the marriage.

Defendant testified in substance to the following: Initially the marriage was a happy one. In October 1965 defendant was seriously injured and disfigured in an automobile accident. Thereafter, plaintiff's attitude toward her changed. He began spending considerable time away from home and finally told defendant he did not love her and she would be better off living with her aunt or mother. On 30 May 1966 defendant was very sick and needed medication. Plaintiff left in the early morning to get the medicine but did not return. That afternoon defendant saw him in the company of another woman. Defendant left that same day. Plaintiff has not given her any financial support since 30 May 1966, but his mother has given her money and purchased clothes. In April 1967 defendant went to Washington, D. C., where plaintiff was then living, to discuss their marital situation. When she arrived, Barbara Tucker answered the door and defendant saw a woman's clothing and a baby crib in plaintiff's apartment.

Prior to the accident in October 1965, defendant taught school. In September 1966 she went back to work without the doctor's permission and continued teaching until December 1967. Since then she has become totally disabled and her sole income is $260.00 per month from social security. Plaintiff is employed by Proctor & Gamble in Greenville, N. C., and earns approximately $930.00 per month. Defendant delayed bringing an action for support because she understood she needed money to seek a lawyer and she was financially unable to pay legal expenses. She always hoped they would make up.

In rebuttal, plaintiff testified that defendant had not asked for any support since their sparation on 30 May 1966, that he had given her none since that time, and that he had made no attempt to reconcile their differences.

Streeter v. Streeter

Issues were submitted to and were answered by the jury as follows:

"1. Did the plaintiff commit adultery as alleged?

No.

2. Did the plaintiff willfully abandon the defendant without just cause or provocation, a statutory ground for permanent alimony and a bar to divorce?

No.

3. Has the plaintiff without provocation rendered the condition of the defendant intolerable and her life burdensome?

Yes."

Following return of the verdict by the jury, a hearing was held before the judge sitting without a jury to determine whether there should be an award of permanent alimony, and if so, in what amount. Thereafter, the court entered judgment making findings of fact, conclusions of law, and granting plaintiff an absolute divorce but ordering him to pay defendant $25.00 per week support and her counsel fees. From this judgment, plaintiff appealed.

*Laurence S. Graham for plaintiff appellant.*

*Blount, Crisp & Grantmyre by Nelson B. Crisp for defendant appellee.*

PARKER, Judge.

Plaintiff made twelve assignments of error. He discusses only the first four of these in his brief. The rest are deemed abandoned. Rule 28(a), Rules of Appellate Procedure.

[1] In his first assignment of error plaintiff challenges the court's conclusion that there had been "no laches on the part of the defendant who hoped for a reconciliation of her marriage and had no money for attorney's fees." We find no error.

Laches is an affirmative defense, G.S. 1A-1, Rule 8(c), which in this case was plaintiff's burden to prove. Plaintiff has neither alleged nor offered any evidence to prove that he has been prejudiced by defendant's delay in seeking to enforce her

rights. "[I]n the absence of such showing the benefits of the defense of laches may not be invoked." *Holt v. May*, 235 N.C. 46, 50, 68 S.E. 2d 775, 778 (1952). On competent evidence the court made findings that "[t]he defendant is substantially in need of maintenance and support from the plaintiff in that she must borrow money to meet her fixed monthly expenses and has no one else upon whom she may depend for support and does in fact need additional support to supplement the Two Hundred Sixty and No/100 Dollars ($260) per month she receives as disability payments." On competent evidence the court also found the facts as to plaintiff's earnings and his ability to support the defendant. Plaintiff does not challenge these factual findings nor does he question the court's conclusions that defendant is the dependent spouse and plaintiff the supporting spouse. Plaintiff's sole contention in support of his first assignment of error seems to be that the mere lapse of nine years between 1966, when he quit furnishing support, and 1975, when defendant first asserted in court her claim for support, constituted laches as a matter of law. We do not agree.

> "There is no express statute of limitations in North Carolina relating to the commencement of actions for alimony or support. Since the obligation of the husband to furnish support to his wife and minor children is a continuing one, it would seem that a mere lapse of time alone should not be a bar to the commencement of the action." 2 Lee, N.C. Family Law, § 164, p. 269.

Authorities elsewhere are in accord.

> "Generally, a wife's right to maintain an action for separate maintenance is not lost by mere lapse of time before bringing the action, since such a cause of action is a continuing one, and not affected by lapse of time." Annot., 10 A.L.R. 2d 466, 544 (1950).

We hold that the mere delay by the dependent spouse in seeking maintenance from the supporting spouse, absent any showing of prejudice to the supporting spouse resulting from the delay, does not bar the dependent spouse's action to enforce the right to support. *See Nall v. Nall*, 229 N.C. 598, 50 S.E. 2d 737 (1948). Defendant's first assignment of error is overruled.

[2] Plaintiff's second assignment of error is directed to the court's denial of his motion for judgment notwithstanding the

verdict. Plaintiff made no motion for a directed verdict. The timely making of an appropriate motion for a directed verdict is an absolute prerequisite for the motion for judgment notwithstanding the verdict. *Glen Forest Corp. v. Bensch*, 9 N.C. App. 587, 176 S.E. 2d 851 (1970). Plaintiff's second assignment of error is overruled.

[3] Plaintiff's third assignment of error is directed to "[t]he finding of fact by the Court that the attorney for the plaintiff agreed that the question of laches would be determined solely by the Judge." The judgment appealed from contains the following recitation:

> "It was agreed that the issues of amount of permanent alimony, if any; who is the dependent and who is the supporting spouse; and whether or not the grounds for an absolute divorce are proved would be questions to be determined by the Judge, as well as the issue of laches."

The record supports this recitation. Under G.S. 1A-1, Rule 49(c), absent a timely demand made before the jury retires that an issue of fact raised by the pleadings or by the evidence be submitted to the jury, the judge may make a finding or if he fails to do so, he shall be deemed to have made a finding in accord with the judgment entered. Here, plaintiff failed to make such a demand, and in his brief plaintiff's counsel admits that he agreed that no issue of laches would be submitted to the jury. This assignment of error is overruled.

[4] Plaintiff's fourth assignment of error is directed to some of the detailed findings of fact made by the court. He contends that in making these findings the court "usurped authority which rests in the hands of the jury." However, the findings to which plaintiff excepts were made by the court after the jury had returned its verdict. They were not inconsistent with the jury's verdict. If some of them may not have been necessary to determination of the issues which were before the court to decide, plaintiff has shown no prejudice. Such findings may be treated as surplusage. The appropriate findings which the court made were fully supported by competent evidence and support the court's conclusions and the judgment entered.

The judgment appealed from is

Affirmed.

Judges MORRIS and CLARK concur.