JO ANN STEPHENS v. ROGER WAYNE HAMRICK

No. 8627DC1251

(Filed 4 August 1987)

1. Divorce and Alimony § 24; Parent and Child § 10 — child support — acceptance of payments under URESA order — enforcement of South Carolina order

The trial court erred by holding that plaintiff's acceptance of child support payments under a North Carolina URESA order barred her rights under a prior South Carolina child support order. Plaintiff is entitled to bring an action to enforce the South Carolina order, and defendant is entitled to receive credit under N.C.G.S. § 52A-21 for the payments he made under the URESA order.

2. Divorce and Alimony § 24.4 — child support — statute of limitations

The trial court erred in holding that the enforcement of a child support order entered eighteen years earlier was barred by the statute of limitations. However, pursuant to N.C.G.S. § 1-47, sums which became due more than ten years before plaintiff's complaint was filed may not be recovered in such an action.

3. Divorce and Alimony § 24.4; Equity § 2.2 — child support order — laches inapplicable to enforcement

The trial court erred in holding that the enforcement of a child support order entered eighteen years earlier was barred by laches since the obligation to furnish support is continuous, and the doctrine of laches does not apply to bar enforcement of a support order.

4. Constitutional Law § 26.5; Divorce and Alimony § 26.2 — foreign child support order — full faith and credit

The trial court's failure to enforce a South Carolina child support order in an action to recover arrearages due under that order violates the full faith and credit clause of the U.S. Constitution.

APPEAL by plaintiff from *Hamrick, Judge.* Order filed 28 July 1986 in District Court, CLEVELAND County. Heard in the Court of Appeals on 9 April 1987.

*Hamel, Helms, Cannon, Hamel and Pearce by A. Elizabeth Green for plaintiff appellant.*

*Herbert C. Combs, Jr., for defendant appellee.*

COZORT, Judge.

Plaintiff-wife, Jo Ann Stephens, and defendant-husband, Roger Wayne Hamrick, were married in 1963 and subsequently divorced in 1969. There were two children born of the marriage.

The parties lived in South Carolina at the time of their separation, and on 13 April 1968, an order was entered in the Court of Common Pleas of Cherokee County, South Carolina, which provided that the plaintiff would have custody of the two minor children and that the defendant would pay the sum of $40 per week as child support. Thereafter, the plaintiff moved to Florida and defendant moved to Cleveland County in North Carolina.

In the fall of 1968, plaintiff initiated an action for child support under the Uniform Reciprocal Enforcement of Support Act (hereinafter "URESA") in the State of Florida. As a result, an order was entered on or about 15 November 1968 in Cleveland County directing defendant to pay $75 per month child support. Defendant has substantially complied with the URESA order. On 19 February 1986, the plaintiff registered in Mecklenburg County, North Carolina, the 1968 South Carolina support order directing $40 per week child support payments. Plaintiff then sought to collect the deficiency between what the defendant paid under the Cleveland County order of November 1968, the URESA order, and what he would have paid had he complied with the April 1968 order from the court in South Carolina. Plaintiff's complaint claimed arrearages of at least $18,825. Upon defendant's motion, the action was transferred to Cleveland County. The District Court of Cleveland County dismissed the action, concluding that enforcement of the South Carolina order was barred by the statute of limitations, that the defendant has been prejudiced by the plaintiff's delay in asserting rights to support under the 1968 South Carolina order, and that the plaintiff has acquiesced in the defendant's paying under the North Carolina URESA order of 1968 for eighteen years and has abandoned any rights to enforce the South Carolina order.

On appeal, the plaintiff contends that the trial court erred in holding that by accepting payments under the 1968 North Carolina URESA order, the plaintiff had abandoned her rights to child support under the prior South Carolina support order. The plaintiff also contends that the trial court erred in holding that the enforcement of the child support order is barred by laches and by the statute of limitations. The plaintiff's final contention is that the trial court's failure to enforce the South Carolina order violates the full faith and credit clause of the United States Con-

stitution. We agree with plaintiff and reverse the dismissal of the action.

[1] We first consider plaintiff's contention that the trial court erred by holding that by accepting payments under a North Carolina URESA order, plaintiff had abandoned her rights to child support payments awarded under a prior South Carolina support order.

The Uniform Reciprocal Enforcement of Support Act (N.C. G.S. § 52A-1, *et seq.*) states clearly that "[t]he remedies herein provided are in addition to and not in substitution for any other remedies." N.C.G.S. § 52A-4. In N.C.G.S. § 52A-21 we find:

> A support order made by a court of this State pursuant to this Chapter does not nullify and is not nullified by a support order made by a court of this State pursuant to any other law or by a support order made by a court of any other state pursuant to a substantially similar act or any other law regardless of priority of issuance, unless otherwise specifically provided by the court. Amounts paid for a particular period pursuant to any support order made by the court of another state shall be credited against the amounts accruing or accrued for the same period under any support order made by the court of this State.

In *County of Stanislaus v. Ross*, 41 N.C. App. 518, 522, 255 S.E. 2d 229, 231 (1979), this Court stated, through Judge Mitchell:

> The legislature apparently intended that its enactment of G.S. 52A-21 . . . would provide authority to the courts of this State to apply the Uniform Reciprocal Enforcement of Support Act so as to provide for the support of a minor child independent of and without regard for any other support judgments . . . . [W]e find this view consistent with the legislative intent that the remedies provided by the act be "in addition to and not in substitution for any other remedies" and that the act "be so interpreted and construed as to effectuate its general purpose to make uniform the law of those states having a substantially similar act." G.S. 52A-4; G.S. 52A-32.

Thus, it is clear that the trial court erred by concluding that plaintiff's acceptance of payments under the URESA order barred

her rights under the South Carolina order. The plaintiff is entitled to bring an action to enforce the South Carolina order, with the limitations we shall discuss below, and the defendant is entitled to receive credit, under N.C.G.S. § 52A-21, for the payments he made under the URESA order.

[2]   We likewise agree with plaintiffs that the trial court erred in holding that the enforcement of the child support order is barred by laches and by the statute of limitations.

In *Streeter v. Streeter*, 33 N.C. App. 679, 682, 236 S.E. 2d 185, 187 (1977), the court stated:

> " 'There is no express statute of limitations in North Carolina relating to the commencement of actions for alimony or support. Since the obligation of the husband to furnish support to his wife and minor children is a continuing one, it would seem that a mere lapse of time alone should not be a bar to the commencement of the action.' [Citation omitted.]"

However, sums which become due more than 10 years before the filing of the complaint are barred by the 10-year provision of N.C.G.S. § 1-47 from being included when determining arrearages. *Lindsey v. Lindsey*, 34 N.C. App. 201, 203, 237 S.E. 2d 561, 563 (1977). Therefore, it was error for the trial court to hold that enforcement of the child support order was barred. The statute of limitations does not apply except for the 10-year provision of N.C.G.S. § 1-47. There is no bar to the plaintiff's recovery of the deficiency occurring in the 10 years immediately prior to the filing of the order.

[3]   The trial court also erred in holding that the enforcement of the child support order is barred by laches. As stated by the court in *Builders Supplies Co. v. Gainey*, 282 N.C. 261, 271, 192 S.E. 2d 449, 456 (1972), "[l]aches is the negligent omission for an unreasonable time to assert a right enforceable in equity." In the majority of cases in which questions involving the doctrine of laches have been considered, the defense of laches has not been accepted as sufficient. 2 Lee, N.C. Family Law § 164 (1980). No North Carolina case has been found wherein laches has been allowed as a defense to the enforcement of a court order for alimony or support. *Id.* Since the obligation to furnish support is continuous, a lapse of time will not be a bar to the commencement

of an enforcement action. *Streeter*, 33 N.C. App. at 682, 236 S.E. 2d at 187. Therefore, the doctrine of laches does not apply to bar enforcement of the support order, and it was error for the trial court to so hold.

[4] The plaintiff's final argument is that the trial court's failure to enforce the South Carolina order violates the full faith and credit clause of the United States Constitution. Again, we agree.

> The full faith and credit clause in the United States Constitution, Article IV, Sec. 1, requires that the judgment of the court of one state must be given the same effect in a sister state that it has in the state where it was rendered. [Citation omitted.] A decree for the future payment of alimony or child support is, as to installments past due and unpaid, within the protection of the full faith and credit clause of the Constitution unless by the law of the state in which the decree was rendered its enforcement is so completely within the discretion of the courts in that state that they may annul or modify the decree as to overdue and unsatisfied installments. [Citations omitted.]

*Fleming v. Fleming*, 49 N.C. App. 345, 349-50, 271 S.E. 2d 584, 587 (1980). Nothing appears in the record below to invoke the exception expressed in *Fleming*. The South Carolina order was entitled to full faith and credit under the United States Constitution.

In summary, we hold that the trial court erred by dismissing the plaintiff's action. The plaintiff is entitled to enforce the 1968 order from South Carolina and to seek arrearages accruing thereon within the 10 years allowed under N.C.G.S. § 1-47. The defendant is entitled to receive credit against the arrearages for payments made under the URESA order. The order is reversed and the cause remanded for further proceedings consistent with this opinion.

Reversed and remanded.

Judges PHILLIPS and GREENE concur.