**N.C. DEP'T OF HEALTH & HUMAN SERVS. EX REL. JONES v. JONES**

[175 N.C. App. 158 (2005)]

N.C. DEPARTMENT OF HEALTH AND HUMAN SERVICES EX REL. AUDREY F. JONES, PLAINTIFF v. MICHAEL P. JONES, DEFENDANT

No. COA04-1066

(Filed 20 December 2005)

**Child Support, Custody, and Visitation— support—URESA— inconsistent orders**

A 1995 North Carolina child support order did not preclude enforcement of a 1994 Florida order, despite inconsistencies, and a North Carolina court erred in this proceeding by dismissing a subsequent Florida request for enforcement of the 1994 order. Under URESA, there may be more than one valid order even though the orders are inconsistent; the failure to appeal the 1995 North Carolina order was immaterial because the 1994 Florida order remained valid and Florida could again seek its enforcement. The North Carolina court was required to give full faith and credit to the Florida order with respect to past-due amounts under that order since the child support due under the Florida order vested when it became due. However, if ongoing child support is an issue, the trial court must apply the Uniform Interstate Family Support Act and determine whether the North Carolina or the Florida order controls and the amount of support due.

Appeal by plaintiff from order entered 13 May 2004 by Judge Alexander Lyerly in Avery County District Court. Heard in the Court of Appeals 14 April 2005.

*Attorney General Roy Cooper, by Special Deputy Attorney General Gerald K. Robbins, for the State.*

*Joseph W. Seegers for defendant-appellee.*

GEER, Judge.

The North Carolina Department of Health and Human Services ("DHHS"), on behalf of Audrey F. Jones, appeals from an order of the trial court dismissing a petition to enforce a child support order entered in the State of Florida and registered in North Carolina. We reverse and remand for further proceedings because the Florida order is still valid, has not been lawfully superceded, and must be afforded full faith and credit, at least with respect to past-due child support owed under that order.

**N.C. DEP'T OF HEALTH & HUMAN SERVS. EX REL. JONES v. JONES**

[175 N.C. App. 158 (2005)]

## Facts

Michael Jones and Audrey Jones divorced in Florida in 1994. They had five children. The Marion County Circuit Court of Florida entered a Final Judgment and Dissolution of Marriage on 26 September 1994 ("the 1994 Florida order") that provided for child custody, child support, alimony, and equitable distribution of property. Mr. Jones was given custody of three of the children, while Ms. Jones received custody of the other two children. The 1994 Florida order also ordered Mr. Jones to "pay child support to [Ms. Jones] for the minor children in her care in the amount of $500.00 per month."

On 12 July 1995, the State of Florida filed a petition in Avery County, North Carolina, naming Mr. Jones as the respondent and requesting (1) the establishment of an order under the Uniform Reciprocal Enforcement of Support Act ("URESA") for child support, medical coverage, and other unspecified costs and (2) the collection of arrears under URESA. Following a hearing on 25 October 1995, the district court entered an order on 12 December 1995 ("the 1995 North Carolina order") addressing the request for "establishment of an order for child support, medical coverage and 'other costs', as well as collection of arrearage in the amount of $2,087.00." After applying the North Carolina Child Support Guidelines to the parties'. incomes, the district court found "that [Ms. Jones] would in fact owe [Mr. Jones] child support" and, therefore, concluded that "[Mr. Jones] shall not be required to pay child support to [Ms. Jones]." With respect to arrearages, the court observed that the 1994 Florida order establishing the amount of arrearages was on appeal and determined that resolution of the question of arrearages should be held in abeyance until after the Florida Court of Appeals ruled on the appeal.

On 5 March 1997, Mr. Jones filed a motion requesting that the district court address the arrearages issues. In its order filed on 26 March 1997 ("the 1997 North Carolina order"), the district court noted that the 1994 Florida order finding arrearages of $2,087.00 had been affirmed on appeal, but ruled that Mr. Jones was entitled to a set off in the amount of $4,591.44—the amount that Ms. Jones owed Mr. Jones for payment of medical and dental expenses.

On 19 August 2003, the State of Florida, on behalf of Ms. Jones, filed a Notice of Registration of Foreign Support Order in Avery County District Court, stating that the 1994 Florida order was being registered for enforcement. The Notice indicated that Mr. Jones owed $51,520.77 in arrearages as of 29 July 2003. On 6 January

2004, the district court entered an order confirming the registration based in part on the representation of Mr. Jones' counsel that he did not contest the registration. The order directed that Ms. Jones recover from Mr. Jones arrears in the amount of $51,570.20 and that Mr. Jones begin making payments toward the arrears in the amount of $500.00 each month.

On 20 February 2004, the court issued an order directing Mr. Jones to appear and show cause for his failure to comply with the 6 January 2004 order. Subsequently, on 3 March 2004, the district court entered an amended order confirming registration, but noting that while defendant did not contest registration, he did intend to contest the enforcement of the 1994 Florida order. The court found that defense counsel had not been given an opportunity to review the 6 January 2004 order and that the order granted more relief than defense counsel had consented to in open court. The court re-confirmed registration of the 1994 Florida order, but provided that issues of enforcement, modification, wage withholding, and arrears would be determined at a subsequent hearing.

Prior to that hearing, Mr. Jones filed a response to the request for enforcement, seeking dismissal of that request. After a hearing on 23 April 2004, the Avery County district court, on 13 May 2004, filed an order ("the 2004 North Carolina order") dismissing DHHS' request for enforcement on the grounds that DHHS/Ms. Jones did not appeal the 1995 North Carolina order or the 1997 North Carolina order. DHHS has filed a timely appeal from the 2004 North Carolina order.

## Discussion

In determining the validity and effect of the 1994 Florida order and the 1995 North Carolina order, we must apply the law in effect at that time: URESA, N.C. Gen. Stat. §§ 52A-1 *et seq.* (1994) (repealed 1996). *See New Hanover County v. Kilbourne,* 157 N.C. App. 239, 244, 578 S.E.2d 610, 614 (2003) ("URESA is still applicable to determine the validity of an order originally entered when URESA was in effect . . . ."). Under URESA, a party who had obtained a child support order in another state had two options if the child support payor was residing in North Carolina: (1) the party could seek establishment of a *de novo* order for child support or (2) the party could seek registration of his or her foreign support order.

Following the filing of a complaint for support pursuant to URESA, if the North Carolina court "[found] a duty of support, it

[could] order the defendant to furnish support or reimbursement therefore and subject the property of the defendant to such order." N.C. Gen. Stat. § 52A-13 (1994). URESA, however, further provided that "[i]f the duty of support is based on a foreign support order, the obligee has *the additional remedies* provided in the following sections." N.C. Gen. Stat. § 52A-25 (1994) (emphasis added). Those additional remedies included registration of the foreign support order, N.C. Gen. Stat. § 52A-26 (1994), and income withholding, N.C. Gen. Stat. § 52A-30.1 (1994). *See also* John L. Saxon, *"Reconciling" Multiple Child Support Orders Under UIFSA and FFCCSOA: The* Twaddell, Roberts, *and* Dunn *Cases*, 11 Fam. L. Bull. (Inst. of Gov't, U.N.C. at Chapel Hill), 18 n.52, June 2000 (observing that rather than registering the foreign support order, a parent could file a petition under URESA "asking the court of a 'responding' state to establish a new ('de novo') child support order").

Thus, as this Court explained in 1997, "[u]nder URESA, a state had jurisdiction *to establish*, vacate, or modify an obligor's support obligation even when that obligation had been created in another jurisdiction." *Welsher v. Rager*, 127 N.C. App. 521, 524, 491 S.E.2d 661, 663 (1997) (emphasis added). *See also Twaddell v. Anderson*, 136 N.C. App. 56, 62-63, 523 S.E.2d 710, 715 (1999) ("Under URESA, a subsequent order [in North Carolina] does not necessarily nullify a prior order [from another state]. . . . [U]nder URESA, more than one state could have simultaneous jurisdiction over a case."), *disc. review denied*, 351 N.C. 480, 543 S.E.2d 510 (2000). As a result, under URESA, "a case may involve more than one valid child support order even though the orders may be inconsistent in their terms." *Kilbourne*, 157 N.C. App. at 245, 578 S.E.2d at 614.

DHHS argues that, regardless of URESA, the Full Faith and Credit for Child Support Orders Act ("FFCCSOA"), 28 U.S.C. § 1738B (2000), effective 20 October 1994, deprived a North Carolina court of subject matter jurisdiction to enter an order inconsistent with a foreign state's child support order. The 1994 version of the FFCCSOA required "that state courts afford 'full faith and credit' to child support orders issued in other states and refrain from modifying or issuing contrary orders except in limited circumstances." *State ex rel. Harnes v. Lawrence*, 140 N.C. App. 707, 710, 538 S.E.2d 223, 225 (2000). The FFCCSOA thus presumes that a party has sought to enforce a foreign state's child support order. As a leading North Carolina family law commentator has pointed out, "The FFCCSOA applies only to child support orders and deals only with recognizing

and enforcing foreign child support orders, not with establishing them." Suzanne Reynolds, 2 *Lee's North Carolina Family Law* § 11.58 (5th ed. 1999).

In this case, in 1995, Florida did not seek registration of the 1994 Florida order. Instead, it sought *"establishment* of an order (URESA)" for child support, medical coverage, and other costs. (Emphasis added.) Left unchecked were the boxes in the form petition for "enforcement of existing order" and "registration of foreign support order." Since Florida sought establishment of a *de novo* order, the FFCCSOA had no bearing on the North Carolina court's jurisdiction in 1995.

The fact that the North Carolina court had jurisdiction in 1995 under URESA to enter the *de novo* child support order does not, however, answer the question whether the 1995 North Carolina order precluded enforcement of the 1994 Florida order. As this Court has previously held, "[u]nder URESA, a subsequent [child support] order does not necessarily nullify a prior order." *Twaddell*, 136 N.C. App. at 62, 523 S.E.2d at 715. "This Court has previously determined that a subsequent URESA order nullifies a prior order only if it specifically so provides." *Kilbourne*, 157 N.C. App. at 245, 578 S.E.2d at 614. *See also* N.C. Gen. Stat. § 52A-21 (1994) (repealed 1996) (a support order of this State does not nullify a support order by a court of any other state "unless otherwise specifically provided by the court"). While a foreign support order remains in effect, its terms may still later be enforced in other states that have issued contrary orders. *Kilbourne*, 157 N.C. App. at 247-48, 578 S.E.2d at 616 (holding that an Oregon child support order was enforceable in North Carolina despite a previous, inconsistent child support order entered by a North Carolina court); *Twaddell*, 136 N.C. App. at 63-64, 523 S.E.2d at 716 (holding that where the North Carolina order did not supercede a California order under URESA, the California order was still valid and could be enforced in this state).

No language in the 1995 North Carolina order can be construed as specifically providing for nullification of the 1994 Florida order.[1] Accordingly, the 1994 Florida order is still valid and enforceable and the 1995 North Carolina order did not prevent the State of Florida from seeking enforcement of its order in North Carolina at a later date. *See Stephens v. Hamrick*, 86 N.C. App. 556, 559-60, 358 S.E.2d

---

1. We do not address whether the FFCCSOA would preclude nullification of the prior order because that issue is not presented by this case.

N.C. DEP'T OF HEALTH & HUMAN SERVS. ex rel. JONES v. JONES

[175 N.C. App. 158 (2005)]

547, 549 (1987) (holding that plaintiff was entitled to enforce a South Carolina child support order in this state and collect arrearages under that order even though a contrary child support order was also in effect in North Carolina). Ms. Jones' failure to appeal from the 1995 North Carolina order is immaterial, since the 1994 Florida order remained valid and in effect after the North Carolina district court issued its *de novo* order. *Id.* (holding that plaintiff's acquiescence in the North Carolina order did not preclude enforcement of the South Carolina order). Accordingly, the trial court erred in dismissing DHHS' request for enforcement of the 1994 Florida order.

Once there is a determination that two valid URESA orders exist, a court "must focus on the relief sought by the plaintiff" in order to determine how next to proceed. *Kilbourne,* 157 N.C. App. at 245, 578 S.E.2d at 614. In this case, DHHS seeks collection of arrearages and also ongoing enforcement of the 1994 Florida order. The two types of relief each require a different analysis.

With respect to arrearages, the trial court need not decide which of the valid URESA orders controls because if the other state (in this case, Florida) has "provided that the past-due child support amounts are vested," then "the court must give full faith and credit to the other state's order and enforce the past-due support obligation" subject to the defense of statute of limitations. *Id.,* 578 S.E.2d at 615. DHHS claims that the arrearages owed under the 1994 Florida order as of 29 July 2003 amount to $51,520.77, including the $2,087.00 that was the subject of the 1997 North Carolina order. Florida law provides that past-due child support is a vested right. *See Kutz v. Fankhanel,* 608 So. 2d 873, 877 (Fla. Dist. Ct. App. 1992) ("[T]he long accepted general rule in Florida is that past due and unpaid child support payments become 'vested' and are unmodifiable retroactively."). Since the child support due under the 1994 Florida order vested when it became due, this State must give full faith and credit to the Florida order and enforce the past-due child support obligation. *Kilbourne,* 157 N.C. App. at 245, 578 S.E.2d at 615.

We hold, however, that Ms. Jones' failure to appeal from the 1997 North Carolina order precludes recovery of the $2,087.00 arrearage. In the 1997 North Carolina order, the district court gave full faith and credit to the $2,087.00 arrearage affirmed on appeal in Florida, but then enforced the terms of the 1994 Florida order that required Ms. Jones to pay for half of the children's medical expenses. The district court offset the amount Ms. Jones owed Mr. Jones for medical expenditures against the arrearages then owed by Mr. Jones. Since the

ABL PLUMBING & HEATING CORP. v. BLADEN CTY. BD. OF EDUC.

[175 N.C. App. 164 (2005)]

amount owed by Ms. Jones exceeded the child support arrearages of Mr. Jones, the court ruled that Ms. Jones was not entitled to recover any portion of the $2,087.00. This order was never appealed and is, therefore, final and binding with respect to the $2,087.00 in arrearages previously sought.

DHHS appears also to seek ongoing enforcement of the 1994 Florida order. With respect to ongoing child support obligations, the district court must apply the current law—the Uniform Interstate Family Support Act ("UIFSA")—to determine whether the North Carolina or Florida order controls and the amount of support due.

> If the case involves, in full or in part, the question of prospective payment of child support, then the court must apply UIFSA and FFCCSOA to the URESA orders for the purpose of reconciling the orders and determining which one order will control the obligor's prospective obligation.

*Id.* at 246, 578 S.E.2d at 615. Thus, on remand the trial court should determine whether ongoing child support is an issue, and, if so, determine the amount of any prospective child support obligation in accordance with UIFSA and the FFCCSOA.

Reversed and remanded.

Judges WYNN and CALABRIA concur.