629 S.E.2d 388

**Betty KELLEY, Appellant,**

v.

**Henry KELLEY, Respondent.**

No. 4106.

Court of Appeals of South Carolina.

Submitted Dec. 1, 2005.

Decided April 24, 2006.

604

John S. Nichols and Robert M.P. Masella, both of Columbia, for Appellant.

Harvey L. Golden and J. Michael Taylor, both of Columbia, for Respondent.

PER CURIAM:

This is an action to recover unpaid alimony awarded in a 1974 divorce decree. The decree required Henry Kelley (Husband) to pay alimony to Betty Kelley (Wife). The family court granted Husband's motion to dismiss, finding Wife's claim for "past due alimony and future support" was barred by laches and equitable estoppel. We affirm.[1]

## FACTS

Husband and Wife divorced on July 30, 1974, after fourteen years of marriage. The divorce decree required Husband to pay child support of fifty dollars per week per child and alimony of twenty-five dollars per week. At the time of the divorce, Husband lived in Florida and Wife lived in South

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

Carolina. The court awarded Wife custody of the two children, Chuck and Kevin, who, at the time, were twelve and ten respectively.

Less then a year after the divorce, Wife sent Chuck to live with Husband in Florida because she thought Husband could better control him. Husband's counsel wrote a letter dated March 25, 1975, memorializing an agreement that would "reduce [Husband's] support payments by one-half (1/2) from this time forward and [Husband] will have complete custody and control of Chuck Kelley." Former Family Court Judge John A. Mason signed the bottom of this letter.

The parties continued under this half-support custody agreement for almost two years, until Chuck went back to live with Wife. By order dated September 23, 1977, the provisions of the original divorce decree were reinstated, and Husband was required to make payments to Wife to resolve a support arrearage of $4,450. This arrangement also did not last long. Less than five months after the 1977 order, Chuck returned to live with Husband in Florida, where he remained permanently. Wife maintained custody of Kevin at that time.

Six months after Chuck returned to Florida to live with Husband, Wife's then attorney obtained an *ex parte* order invoking the automatic arrest provision of the September 1977 order. This order was neither issued with notice to Husband's counsel nor was it ever served on Husband. Moreover, Wife's current attorney conceded no evidence existed to show the order was served on Husband.

Less than one month after the *ex parte* order was signed, Kevin, who was then fifteen, went to Florida to visit Husband and decided to move there permanently as well. Husband claims that at this point, because the two children lived with him, he and Wife orally agreed that he no longer owed her any alimony, and she did not owe him child support. Wife disputes the existence of any such agreement.

On October 5, 2001, Wife instituted a rule to show cause, seeking to hold Husband in contempt for failure to obey the previous orders requiring him to pay alimony. Husband answered and moved to dismiss based upon laches, expiration of the statute of limitations, and estoppel. After a hearing on the merits, the family court denied Wife's claim for past due

and future alimony on the grounds of laches and estoppel. Wife then moved to alter or amend the judgment which was denied by the trial court. This appeal followed.

## STANDARD OF REVIEW

In an appeal from the family court, we have jurisdiction to find the facts in accordance with our view of the preponderance of the evidence. *Rutherford v. Rutherford,* 307 S.C. 199, 204, 414 S.E.2d 157, 160 (1992). This broad scope of review does not require us to disregard the family court's findings, and we remain mindful of the fact the family court judge, who saw and heard the parties, is in a better position to evaluate their credibility and assign weight to their testimony. *Cherry v. Thomasson,* 276 S.C. 524, 525, 280 S.E.2d 541, 541 (1981).

## LAW/ANALYSIS

Wife contends the family court erred by denying her claim for alimony based on laches. We disagree.[2]

"Laches is neglect for an unreasonable and unexplained length of time, under circumstances affording opportunity for diligence, to do what in law should have been done." *Hallums v. Hallums,* 296 S.C. 195, 198, 371 S.E.2d 525, 527 (1988). The party seeking to establish laches must show (1) delay, (2) that was unreasonable under the circumstances, and (3) prejudice. *Brown v. Butler,* 347 S.C. 259, 265, 554 S.E.2d 431, 434 (Ct.App.2001).

Whether laches applies in a particular situation is a highly fact-specific inquiry; therefore, the merits of each case must be closely examined. *Muir v. C.R. Bard, Inc.,* 336 S.C.

---

2. Because alimony is a continuing obligation, the doctrine of laches would not apply to Husband's future alimony payments. *See Stephens v. Hamrick,* 86 N.C.App. 556, 358 S.E.2d 547 (1987) (refusing to apply doctrine of laches to the enforcement of a court order for alimony because "the obligation to furnish support is continuous [and therefore] a lapse of time will not be a bar to the commencement"). However, the family court found Wife's claim for "past due alimony and future support" was barred by laches **and** equitable estoppel. We affirm that order, but note that Wife's claim for future support is barred solely by the doctrine of equitable estoppel, an issue we discuss below.

266, 297, 519 S.E.2d 583, 599 (Ct.App.1999). Thus, "the determination of whether laches has been established is largely within the discretion of the trial court." *Emery v. Smith,* 361 S.C. 207, 215, 603 S.E.2d 598, 602 (Ct.App.2004). Additionally, in order for the defense of laches to be sustained, "the circumstances must have been such as to import that the complainant had abandoned or surrendered the claim or right which he now asserts." *Byars v. Cherokee County,* 237 S.C. 548, 560, 118 S.E.2d 324, 330 (1961).

In this action, the family court found Wife's delay was unreasonable. It is undisputed that there has been at least a twenty-four year delay from the original divorce order to the present action. Alimony was awarded to Wife in the 1974 divorce decree, reiterated in the 1977 order, and the present action was not commenced until 2001. Although Wife received an order in 1978 holding Husband in contempt, she admittedly never served Husband or his counsel. Despite seeing Husband at numerous gatherings over the years, including the weddings of both sons, Wife failed to have Husband served with the order. She also failed to write or call Husband to request alimony.

Wife further claims she did not know how to locate Husband and therefore her delay should be excused. However, the record shows Wife has seen her children at least once a year since 1978, and Husband has employed both sons intermittently over the years. Wife testified to having a good relationship with her sons, and she offered no explanation as to why she could not have asked her sons where Husband lived. Additionally, Husband presented evidence he owned property in Florida, his telephone number was listed, and he had an answering service when he traveled outside the state of Florida. Therefore, Wife's argument that she could not locate Husband is untenable. Accordingly, we agree with the family court's finding that Wife was afforded numerous opportunities to enforce her right to alimony over twenty-four years, and her failure to do so was unreasonable.

We further find Husband was prejudiced by Wife's delay in seeking alimony. Husband is sixty-five years old and approaching retirement. He testified his finances have been erratic over the past twenty-four years, and if he had known

he had a lingering support obligation, he would have asked the court to terminate or reduce his payments. He is currently on his fourth marriage, and is a diabetic with extremely poor health. Wife, however, has maintained the same employment since the divorce and has been able to meet her own needs for the past twenty-four years. Therefore, we agree with the family court's finding that Husband would be materially prejudiced by Wife resurrecting an alimony obligation over twenty years old.

Wife also relies on the case of *Miles v. Miles,* 355 S.C. 511, 586 S.E.2d 136 (Ct.App.2003), for the proposition that Husband cannot orally modify a court order. Although it is "axiomatic that parties cannot modify a court order," Wife's reliance on *Miles* is misplaced. *Id.* at 511, 586 S.E.2d at 140. In *Miles,* a husband brought an action to terminate alimony five years after the divorce based on an oral modification. *Id.* at 518, 586 S.E.2d at 140. We found the divorce decree specifically incorporated an unambiguous written agreement by the parties that any agreement or court order could not be modified by the parties "without written consent of husband and wife." *Id.* In this action, no agreement exists regarding modification in the original divorce order as there was in *Miles.* Moreover, Husband is not seeking oral modification of a court order. Rather he argues that the conduct of both parties over the years reflects their mutual agreement that Husband no longer owed alimony. We find it particularly noteworthy that Wife sought to have Husband held in contempt in 1978, but failed to serve the order on Husband when Chuck and Kevin subsequently moved in with Husband. The reasonable inference from the evidence is Wife agreed not to pursue Husband's alimony obligation because Husband had a claim for child support against her. Therefore, Wife's reliance on *Miles* is misplaced.

 Wife lastly argues the family court erred in finding her claims barred by equitable estoppel, arguing that Husband did not meet his burden in establishing equitable estoppel. We disagree.

 In South Carolina, "the essential elements of estoppel are divided between the estopped party and the party claiming estoppel." *Provident Life & Accident Ins. Co. v.*

*Driver*, 317 S.C. 471, 477, 451 S.E.2d 924, 928 (Ct.App.1994) (citations omitted). As to the party being estopped, the elements are: 1) conduct which amounts to a false representation, or conduct calculated to convey the impression that the facts are otherwise, 2) the intention that such conduct shall be acted upon by the other party, and 3) knowledge of the true facts. *Id.* at 477, 451 S.E.2d at 928; *Johns v. Johns*, 309 S.C. 199, 204, 420 S.E.2d 856, 859 (Ct.App.1992). In order to claim estoppel, Husband must show: "1) a lack of knowledge and the means of knowledge of truth as to facts in question; 2) justifiable reliance upon the conduct of the party estopped; and 3) prejudicial change in the position of the party claiming estoppel." *Walton v. Walton*, 282 S.C. 165, 168, 318 S.E.2d 14, 16 (1984).

Here, Wife's conduct conveyed the impression that Husband was no longer obligated to pay alimony based on Husband's understanding that Wife agreed to waive alimony in exchange for him having custody of the children and based on Wife's failure to demand alimony from Husband in over twenty years. Further, Wife intended Husband to rely on the agreement that he not pay her alimony, so that he, in turn, would not pursue child support against her. Husband's decision not to seek child support also shows he was justified in relying on the parties' decision to mutually waive support obligations. Lastly, Husband changed his position in reliance on the agreement because if he had known he had a lingering support obligation, he would have sought to have his obligation reduced or eliminated. Therefore, we find the family court correctly concluded equitable estoppel would also bar Wife's claim for alimony.

## CONCLUSION

Accordingly, the family court's finding that Wife's claim for past due alimony and future alimony should be barred on the grounds of laches and equitable estoppel is hereby

**AFFIRMED.**[3]

HEARN, C.J., and HUFF and BEATTY, JJ., concur.

---

**3.** Because our resolution of these issues is dispositive, we need not address Appellant's remaining issues. *See Whiteside v. Cherokee County*

*School Dist. No. One,* 311 S.C. 335, 428 S.E.2d 886 (1993) (holding an appellate court need not address remaining issues when the resolution of a prior issue is dispositive).